**The STATE of Texas, Appellant,**

v.

**Katherine Solis RIPKE et al., Appellees.**

**No. 327.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 21, 1968.

Rehearing Denied April 18, 1968.

Carter, Stiernberg, Skaggs & Koppel, Jack Skaggs, Harlingen, for appellant.

Walter C. Hasse, Brownsville, for Ripke.

Cox, Wilson, Duncan & Clendenin, Bascom Cox, Brownsville, for Model Laundry & Dry Cleaning.

## OPINION

GREEN, Chief Justice.

This appeal is from a judgment in a condemnation suit tried before a jury in which The State of Texas is plaintiff and Katherine Solis Ripke, Trustee for Victoria Catherine Ripke, a minor, as owner, and Model Laundry & Dry Cleaning Company, Inc., as leaseholder, are defendants. The appeal will be determined on the proposition raised by appellant's third point of error, which reads:

"This Honorable Court should reverse and remand this cause for a new trial, because the trial Court was unable to make a statement of facts in accordance with Rule 377(d), and Appellant has, without fault on its part, been deprived of a statement of facts with which to present to this Court material points of error on appeal."

Both appellees reply in their separate briefs by counter-points to the effect that the judgment should not be reversed because the failure to have a statement of facts was due to the negligence and fault of appellant, and to its failure to take the steps required by law to secure a statement of facts.

We sustain appellant's third point.

This cause went to trial in the County Court at Law of Cameron County without a reporter or any recording device to make a record of the testimony, and proceeded in that manner for about a day and a half during which a number of material witnesses were heard. After such time official court reporters were secured to record the remainder of the evidence. Jury verdict was returned into court October 6, 1966, and the judgment was signed by the trial judge October 21, 1966. Appellant's amended motion for new trial was overruled January 5, 1967, after which date appellant had sixty days to file in the appellate court a transcript and statement of facts which time was extended by order of this Court to April 6, 1967. The efforts of appellant's counsel to secure a statement of facts are set forth by the findings of the court in appellant's Bill of Exceptions No. 1, duly signed and certified to be correct by the trial judge, as follows:

"Upon the hearing duly held by the Court on Plaintiff's Motion for Statement of Facts in the above numbered and entitled cause on the 2d day of March, 1967, at which hearing the Court overruled said Plaintiff's Motion for Statement of Facts, the Court, in connection therewith, finds:

"(1) That a portion of the testimony heard by the Court during the trial of this cause was transcribed by the official Court Reporter of the 107th District

Court of Cameron County, Texas, and a portion of said testimony was transcribed by the official Court Reporter of the 138th District Court of Cameron County, Texas;

"(2) This Court does not have a Court Reporter assigned to it on a regular basis;

"(3) During part of the trial of this cause, the three official Court Reporters for the three District Courts of Cameron County, Texas (the 103rd, 107th and 138th) were all unavailable and a portion of the testimony given by several of the witnesses during the trial of this cause was not transcribed by any official Court Reporter;

"(4) Plaintiff has caused to be prepared in one volume a proposed Statement of Facts containing the written reproduction in question and answer form of all of the testimony transcribed during the trial court of this cause by the official Court Reporters of the 107th and 138th District Courts respectively, and in written narrative form prepared by attorneys for the State the testimony of the various witnesses which was not transcribed by said official Court Reporters;

"(5) On February 9, 1967, Plaintiff presented separate copies of its proposed Statement of Facts to counsel for each Defendant;

"(6) The Plaintiff and Defendants have disagreed upon said proposed Statement of Facts, and Plaintiff has moved the Court to approve its proposed Statement of Facts, or, in the alternative, to settle any differences between the parties as to whether Plaintiff's proposed Statement of Facts truly discloses what occurred in the trial Court during the trial of this cause, and to make a Statement of Facts to conform to the truth, under the provisions of Rule 377, Texas Rules of Civil Procedure;

"(7) The original of Plaintiff's proposed Statement of Facts was filed in the papers of this cause with the Clerk of this Court on February 23, 1967, and such proposed Statement of Facts was, on March 1, 1967, presented to the Court for approval, or, in the alternative, to be made by the Court to conform to the truth;

"(8) The Court announced at the hearing held on March 1, 1967, that he would not approve said Plaintiff's proposed Statement of Facts because the same was not approved by all of the parties to the cause and the Court was unable to conform same to correctly reflect the testimony given by the witnesses at said trial, for the reason the Court did not have any independent recollection of the testimony given by the various witnesses during the four days of trial over four months ago, or sufficient notes thereof;

"(9) Thereafter, by agreement of the parties, another hearing was set for this 2nd day of March, 1967, and the Court, after presentation and consideration of Plaintiff's Motion for Statement of Facts, overruled the same by written order dated March 2, 1967, for the reasons set out in Paragraph (8) above."

■ Thereafter, appellant filed in the trial court a motion for mistrial, alleging that it had followed the procedure set forth in Rule 377, Texas Rules of Civil Procedure, for obtaining a statement of facts and could not be compelled to appeal without one, and was, therefore, entitled as a matter of law to a new trial. This motion was dismissed by the trial court March 6, 1967, for want of jurisdiction. Appellant then filed in the 13th Court of Civil Appeals its petition for leave to file an application for a writ of mandamus to require the trial court to grant a new trial. Leave to file was denied by this Court without written opinion on March 23, 1967. The trial court by order dated February 17 granted appellant's motion to send up original exhibits, and ordered the court reporter of the 107th District Court to prepare and cause to be filed such exhibits with a proper index thereof. This has been timely filed in this

Court. On March 30, 1967, appellant filed in this Court a properly certified transcript and two volumes containing the proceedings of March 2 and 10, 1967, on the motions mentioned above duly approved by the trial court. It also submitted for filing the proposed statement of facts signed only by appellant's attorneys and not approved by either of appellees' attorneys or by the trial judge. This latter volume was not filed by our clerk, but was marked as "Rc'd but not filed as not agreed to by counsel." Appellees timely filed their motions to strike this proposed statement of facts* and to dismiss the appeal. The motion to dismiss the appeal was overruled and the motion to strike was taken with the case. Said proposed statement of facts, because it is approved by neither appellees' counsel nor the trial court, and because proper objections to the filing thereof were timely made by appellees, is not properly before this Court and can not be considered by us, and appellees' motion to strike it from the record is sustained. Thus appellant is without a proper statement of the evidence introduced on the trial of this cause.

Rule 377, T.R.C.P., now governs the matter of securing a statement of facts for appellate purposes. The duty of the trial court to settle differences between the parties as to whether the record truly discloses what occurred is set forth in subdivision (d) of Rule 377 as follows:

"(d) Approval of Trial Court Unnecessary. It shall be unnecessary for the statement of facts to be approved by the trial court or judge thereof when agreed to by the parties. If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth."

Where no court reporter was available, as often occurs in the trial of contested causes in the county court, or where the parties disagree on the statement of facts and it becomes necessary under Rule 377(d) that the trial court settle their differences, or prepare a statement of his own, the trial court is authorized to prepare such statement in narrative form independent of a court reporter's notes. Johnson v. Brown, Tex.Civ.App., 218 S.W.2d 317, wr. ref., n. r. e.; Crawford v. Crawford, Tex.Civ. App., 181 S.W.2d 992, wr. dism.; Sullins v. Pace, 208 S.W.2d 583, wr. ref. n. r. e.

It is a well established rule of law in our State that an appealing party is entitled to a statement of facts, and if through no fault of his own after the exercise of due diligence he is unable to procure such a statement of facts his right to have the cause reviewed on appeal can be preserved to him in no other way than by retrial of the cause. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697, opinion adopted by Sup. Ct.; Crawford v. Crawford, Tex.Civ.App., supra; Strode v. Srygley, Tex.Civ.App., 342 S.W.2d 638, wr. err. ref. n. r. e.; Spencer v. Texas Factors, Inc., Tex.Civ.App., 366 S.W.2d 699, wr. ref., n. r. e.; Toland & Co. v. Turner, Tex.Civ.App., 152 S.W. 852, n. w. h.

Appellees do not seriously dispute this rule of law. It is their contention that the absence of a statement of facts has been caused through the fault of appellant, and that appellant has not shown the diligence required to be entitled to a reversal.

The case of Strode v. Srygley, Tex.Civ. App., supra, holds contrary to appellees' contention that because appellant proceeded

---

* It was held in Pacific Fire Insurance Company v. Smith, Tex.Sup.Ct., 199 S.W.2d 486, that the failure of the statement of facts to be properly authenticated is one of the informalities contemplated by Rule 404, T.R.C.P., and that the defect is waived unless objected to within thirty days after the record is filed in the appellate court.

to trial without requesting that the testimony be recorded by a reporter or other means, and made no complaint or objection thereto, it is not now entitled to complain of its inability to secure a proper statement of facts. The Court said:

"We are of the opinion that an appellant is entitled to a statement of facts under the provisions of part (d) of T.R.C.P. 377 where there was no court reporter, even though he made no complaint of the absence of such reporter as the trial proceeded. Hence, if the opposing party refuses to agree upon the proposed statement of facts prepared and presented to him by the appellant, *it is obligatory that the trial court or judge thereof cause the statement of facts to be used on the appeal to conform to the truth. If, by reason of inability to remember the matters necessary to make such statement of facts conform to the truth, the trial judge cannot cause the same to be so corrected, then reversible error is made to appear in those cases where the error is material.* If the record shows that an appellant was deprived of a statement of facts which would enable him to present to the appellate courts questions he would be entitled to raise on appeal, the error is material and will necessitate reversal. Johnson v. Brown, Tex.Civ.App. Beaumont, 1948, 218 S.W.2d 317, writ refused n. r. e.

"It is true that a litigant who voluntarily goes to trial without the presence of a court reporter takes a 'gamble' in respect to the statement of facts upon which he will be forced to rely in the event the decision is against him and he desires to appeal. However, the chance he takes does not include the hazard that he will thereby be compelled to appeal without a statement of facts, for to this he is entitled as a matter of law if he follows the procedure whereby it is obtainable. His only risk is the hazard that the statement of facts upon which he may be forced to rely, in the event it must be obtained pursuant to the provisions of part (d) of T.R.C.P. 377, may not be as favorable to

him as would be the case had he insisted upon the services of a court reporter." (emphasis supplied)

■ Appellees cite a number of cases as authority for their contention that appellant was at fault in failing to object to proceeding to trial in the absence of a reporter or other device for truly recording the evidence. Some of these cases were decided prior to the adoption of Rule 377(d) fixing the responsibilty on the trial court in the event of a disagreement between counsel to make the statement of facts conform to the truth, and others are to be distinguished on the facts. Among the latter are Brady v. Brady, Tex.Civ.App., 255 S.W.2d 585, n. w. h., and Harris v. Lebow, Tex.Civ.App., 363 S.W.2d 184, wr. ref. n. r. e. In Brady, the Court in holding against appellant's claims stated that appellant had made no request that the testimony be taken down by a court reporter, *and neither did he make any effort to comply with Rules 377 or 378,* and for such reasons, appellant had not been wrongfully deprived of a statement of facts. We have heretofore detailed the efforts of appellant in our case to secure a statement of facts, and find that such efforts were sufficient to comply with the requirements of Rule 377. Rule 378 is not applicable, since the motions filed by appellees in the trial court and in this Court and the testimony introduced in the hearing of March 2 show the futility of securing an abbreviated agreed statement of facts.

In Harris v. Lebow, supra, appellant is shown to have made no effort to secure a statement of facts other than to prove that the court reporter did not report the testimony. This was properly held to be an insufficient compliance with the requirements of Rule 377.

■ Appellee also argues that appellant has waived this point because it was not assigned as error in the amended motion for new trial. Appellant is not here asking for reversal because of anything that occurred prior to the time his amended motion for new trial was overruled. It does not assign

as error the failure to have a court reporter present, or the failure to have the testimony recorded as in Harris v. Lebow, supra. Its point of error deals with the inability of the trial court to make a statement of facts in accordance with Rule 377(d). Everything complained of by appellant occurred after the amended motion was overruled. Rule 324, T.R.C.P., provides in part that a motion for new trial shall not be required in a case where the appeal is based upon some error of the trial court arising after its action upon the motion for new trial.

■ Appellee also contends that appellant failed to use due diligence because it did not seek a writ of mandamus from the appellate court to require the trial court to furnish appellant with a statement of facts. Authorities cited in support of such argument include Reagan v. Copeland, 78 Tex. 551, 14 S.W. 1031; Osborne v. Prather, 83 Tex. 208, 18 S.W. 613; Middlehurst v. Collins-Gunther, 100 Tex. 349, 99 S.W. 1025; Tennille v. Morgan, Tex.Civ.App., 35 S.W. 514, wr. ref.; Owen v. Cibolo Creek Mill & Mining Co., Tex.Civ.App., 43 S.W. 297, n. w. h.; Pruitt v. Blesi, Tex.Civ.App., 204 S.W. 714, wr. ref.; Jenkins v. Jenkins, Tex. Civ.App., 50 S.W.2d 341, wr. dism.; Scott v. Harris, Tex.Civ.App., 52 S.W.2d 286. None of these cases are in point on the fact situation here. The trial judge certified that the reason he was unable to prepare a correct statement of facts or make the one submitted to him by appellants conform to the testimony given by the witness was that he had no independent recollection of the testimony, or sufficient notes thereof. As stated by Chief Justice Fly in Toland v. Turner, Tex.Civ.App., 152 S.W. 852, n. w. h.:

"* * * If the judge had forgotten the material testimony, he could no more be compelled to make out a statement of facts than could a dead man. A writ of mandamus will not be issued when it may prove unavailing, or when the respondent cannot obey it. Merrill on Mandamus, §§ 75, 76. The courts of the country will not lend aid to any such unreasonable and absurd attempt."

See also, Caffee v. McBee, Tex.Civ.App., 142 S.W.2d 581, wr. ref.

■ Under the facts of the present case, appellant was not guilty of failing to use proper diligence in not seeking the writ of mandamus to require the trial judge to furnish a proper statement of facts.

■ The burden was on appellant timely to secure and file in the appellate court a proper statement of facts or to show that his inability to procure same was through no fault of appellant after the exercise of due diligence on its part. We hold that the facts recited above and shown in the record establish that appellant was not negligent and that it showed due diligence in its efforts to secure a proper statement of facts of the proceedings in the trial of this cause, and that it has been deprived of such statement of facts through no fault of its own.

■ In its amended motion for new trial appellant advanced thirteen assignments of legal and factual insufficiency of the evidence to support the findings of the jury. Other assignments were addressed to alleged error in the admission into evidence over appellant's objections of various exhibits and of certain other items of testimony. In the absence of a statement of facts it would have been futile for appellant to present points of error and argument pertaining to such assignments, since the appellate court would have been precluded from a consideration thereof. Sanchez v. Carey, Tex. Civ.App., Corpus Christi, 409 S.W.2d 458, 460, n. w. h., and authorities there cited. Hence, appellant has been prejudiced to his detriment on this appeal by the absence of a statement of facts.

We do not attempt to discuss or to pass upon the merits of appellant's contentions that the verdict of the jury finding the "intrinsic value" rather than "market value" of the leasehold interest was meaningless

and immaterial, and that the judgment in favor of the leaseholder Model Laundry should be reversed and *rendered* because of appellees' failure to obtain a finding of cash market value of the leasehold interest. In the absence of a statement of facts, we do not know what the state of the evidence was as to whether such interest had any market value, or what if any agreements may have been entered into by the parties leading to such special issues being submitted to the jury. We do notice that the transcript does not show any objection to these issues by appellant in the trial court.

In view of a new trial we call attention to the case of Urban Renewal Agency v. Trammel, 407 S.W.2d 773, 777 (Tex.Sup. Ct.1966), decided after trial of the instant case, concerning the proper manner of submitting the value issues in a real property condemnation case involving the fee title and a leasehold interest; and to the cases of Luby v. City of Dallas, 396 S.W.2d 192, 198 (Tex.Civ.App., Dallas, 1965, wr. ref. n. r. e.) ; State v. Parkey, 295 S.W.2d 457, 460, 462 (Tex.Civ.App., Waco, 1956, wr. ref. n. r. e.) relating to valuation of the lessee's leasehold interest.

Reversed and remanded.