Henry F. PARKER et ux., Appellants,

v.

SABINE VALLEY LUMBER COMPANY, INC., Appellees.

No. 17338.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 29, 1972.

Rehearing Denied Oct. 27, 1972.

Garrett & Nation, and James E. Bunnell, Fort Worth, for appellants.

King & Massey, Inc., and Marion L. Massey, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendants, Henry F. Parker and wife, Carolyn, from a default judgment rendered in favor of the plaintiff, Sabine Valley Lumber Company, Inc., and against said defendants. Suit was on a note and to reform and then foreclose a mechanic's lien given as security for the note.

The two appellants were served with citations but failed to file answers in the case. The hearing at which the default judgment was rendered was held on December 17, 1971, and evidence was offered at the hearing. The judgment complained of was reduced to writing and signed by the trial judge on December 28, 1971.

On January 19, 1972 the defendants, through their lawyer, filed a motion for new trial wherein they asked the trial judge to set aside the default judgment and to grant them a new trial.

Evidence was presented to the court at the hearing of this motion on January 27, 1972 and at the end of the hearing on that day the trial judge made some corrections in the judgment and then overruled the motion for new trial.

The record shows that the evidence offered at the hearing when the default judgment was rendered was not recorded by a court reporter. After defendants' motion for new trial was overruled on January 27, 1972, the defendants requested a statement of facts from the court reporter, but he made affidavit that he could not furnish one because the matter was not reported by him.

There is no statement of facts before this court on this appeal reflecting the evidence offered at the trial when the default judgment was rendered.

There is also no statement of facts before this court on this appeal reflecting the evidence that was presented to the court at the hearing of defendants' motion for new trial, although evidence was offered at that hearing.

On this appeal the appellants urge seven points of error. Each of the first six points of error attack the action of the trial court in rendering the default judgment on the grounds that there was either no evidence or insufficient evidence to support the rendition of that decree.

■ We overrule each of these six points because the law is that in the absence of a statement of facts it will be presumed on appeal that there was sufficient evidence introduced at the hearing at which the judgment appealed from was rendered to support the court's findings and judgment. City of Denison v. Jennings Furniture Company, 424 S.W.2d 716 (Tex.Civ.App., 1968, ref., n. r. e.); Credit Exchange of Dallas, Inc. v. Bell, 427 S.W.2d 674 (Tex.Civ.App., 1968, no writ hist.); and for many other cases holding the same way see cases listed under Note 15 to Rule 377 as shown in Vol. 4 of Vernon's Texas Rules of Civil Procedure.

In the absence of a statement of facts it would be impossible for an appellate court to tell whether or not there was "any evidence" or "sufficient evidence" introduced at the hearing to support the judgment rendered.

■ Appellants' seventh and last point is to the effect that they are entitled to a new trial because no statement of facts is available to be filed in the appellate court so that this court can review the evidence adduced at the trial.

The motion for new trial that the appellants presented to the trial court contained the following assignment: "No. XV. There is no Statement of Facts available to this Defendant through no fault of his own."

The court's order overruling this motion for new trial recited that evidence was heard in open court with respect to the grounds urged.

The rule of law involved in deciding this point is announced in 3 Tex.Jur.2d 732, Appeal & Error, Sec. 487, as follows: "An appellant who is deprived of a statement of facts without fault or negligence of himself is entitled to a reversal of the judgment. . . . appellant is not entitled to such relief if he was negligent or at fault in the matter."

■ The burden was on appellants in this case to procure and file in the appellate court a proper statement of facts or to show that their inability to procure same was not due to their fault or to their failure to exercise due diligence in that regard. State v. Ripke, 426 S.W.2d 599 (Tex.Civ. App., 1968, ref., n. r. e.).

We assume that at the hearing of the motion for new trial the appellants offered what evidence they had in seeking to discharge this burden referred to in the next paragraph above, because this point was urged as a ground of the motion for new trial.

For some reason that is not shown by the record, the evidence that was offered at that hearing in support of ground XV of the motion for new trial was also not reduced to writing in the form of a statement of facts and has not been brought before this court on this appeal.

There is therefore no way that we can tell from examining the record before us whether or not the appellants did in fact discharge their burden of showing the trial court that their inability to procure and file a statement of facts showing the evidence offered at the original trial when the default judgment was rendered was not due to their own fault or negligence and that they did exercise diligence in that regard.

We are in this instance also required to presume on appeal, since we have been furnished no statement of facts showing the evidence offered on the issue, that the evidence presented to the trial court at the hearing of the motion for new trial was sufficient to support the court's order overruling that motion.

For the reasons just stated we are required to overrule appellants' point of error No. 7.

In addition to what we have said on point of error No. 7 we call attention to the fact that Rules 377 and 378, T.R.C.P. are the rules that govern statements of fact.

■ Rule 377 authorizes the filing of a statement of facts made up by a party, or by the trial court, if the parties cannot agree, and this is independent of the court reporter's notes of the testimony. See 3 Tex. Jur.2d 721, Appeal & Error, Sec. 474.

It is true that the record in this case contains the court reporter's affidavit to the effect that he did not report the hearing of the default judgment and that he therefore cannot furnish a statement of facts.

But the record before us is silent as to whether appellants made any effort at all to get a statement of facts by any of the other means provided for by Rule 377, other than through a court reporter.

This same set of facts has been before Texas appellate courts before and in each instance the court held that with the record in that state the appellant had failed to sustain his burden of showing that he was without fault or neglect in failing to procure and file a statement of facts in the appellate court in connection with the appeal being considered. See Harris v. Lebow, 363 S.W.2d 184 (Tex.Civ.App., 1962, ref., n. r. e.); State v. Ripke, supra; Koonce v. City of Mesquite, 382 S.W.2d 309 (Tex.Civ.App., 1964, writ dism.); Lickman v. Lickman, 368 S.W.2d 51 (Tex.Civ.App., 1963, writ dism.); and Johnson v. Brown, 218 S.W.2d 317 (Tex.Civ.App., 1948, ref., n. r. e.).

This is an added reason why we are required to overrule appellants' seventh point of error.

The judgment is affirmed.