Harry V. WHATLEY, Appellant,

v.

Eldenna J. WHATLEY, Appellee.

No. 18041.

Court of Civil Appeals of Texas,
Dallas.

March 15, 1973.

Michael A. Robertson, Thorne, Thorne & Robertson, Inc., Grand Prairie, for appellant.

Jerry D. Brownlow, Grand Prairie, for appellee.

GUITTARD, Justice.

This action involves child support. The father appeals from a judgment increasing his monthly payments for five children from $250 to $275 and holding him in contempt for one monthly payment past due. The testimony was not recorded and no statement of facts is before us, but the trial court filed findings and conclusions. We hold (1) that appellant waived any objection to lack of a record by proceeding to trial without the official reporter, (2) that the unchallenged statements in appellant's brief do not demonstrate that the evidence is insufficient to support the court's findings, and (3) that the findings are sufficient to support the judgment.

### The record

Appellant contends that the trial court erred in hearing the evidence without the presence of the official court reporter and asks us not to follow decisions holding that the absence of the reporter is waived by proceeding to trial in his absence. See Koonce v. City of Mesquite, 382 S.W.2d 309 (Tex.Civ.App., Tyler 1964, writ dism'd); Brady v. Brady, 255 S.W.2d 585

(Tex.Civ.App., Austin 1953, no writ); Hall v. Kynerd, 97 S.W.2d 278 (Tex.Civ. App., El Paso 1936, writ dism'd). He argues that absence of the court reporter ought not to be waivable in view of the positive requirement in Vernon's Tex.Rev. Civ.Stat.Ann. art. 2324 (1971), that each official court reporter attend all sessions of the court, take full shorthand notes of all testimony, and make up a transcript of the evidence on request. See Ex parte Gonzales, 414 S.W.2d 656 (Tex.1967).

 We cannot reverse the judgment on this ground. Although we disapprove the trial court's action in proceeding without the reporter in disregard of the statute and are firmly of the opinion that a record should be made of all testimony in the trial court regardless of the parties' willingness to dispense with it, a party seeking reversal of a judgment cannot so easily excuse himself from his burden of presenting a record demonstrating error. In our opinion the decisions cited are correct in holding that in order to complain on appeal of the absence of the court reporter, the appellant must show that he objected in the trial court, as he must to complain of any other procedural error in the trial. Moreover, appellant does not show that he could not obtain a statement of facts by other means. Even if a party has not waived the unavailability of the official reporter's transcript of the evidence, he is not entitled to reversal on that ground unless he shows that he was deprived of a statement of facts through no fault or negligence of his own and that he attempted without success to obtain a condensed statement in narrative form under Texas Rules of Civil Procedure 377 or an agreed statement un-

der rule 378. Robinson v. Robinson, 487 S.W.2d 713 (Tex.1972); Harris v. Lebow, 363 S.W.2d 184 (Tex.Civ.App., Dallas 1962, writ ref'd n.r.e.); Crawford v. Crawford, 181 S.W.2d 992 (Tex.Civ.App., San Antonio 1944, writ dism'd).

Appellant suggests that we may review the trial court's ruling without a statement of facts, since we may accept as correct the statements in his brief which have not been challenged by appellee. He cites Tex.R.Civ.P. 419, which provides: "Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." Appellant correctly points out that appellee does not challenge the accuracy of any of the statements in appellant's brief but says only that the court has no record upon which it may overturn the decision of the trial court.

 In view of appellee's failure to challenge the accuracy of appellant's statement of the evidence, we shall proceed to consider the evidence as stated in appellant's brief under rule 419. Although one purpose of this rule is to avoid casting on the appellate court the appellee's burden of searching the record to determine whether appellant's statement of the evidence is correct,[1] it has also been applied to authorize the court to accept unchallenged statements in appellant's brief with respect to matters not included in the record.[2] In Sarris v. Christie, 217 S.W.2d 99 (Tex. Civ.App., Dallas 1949, writ ref'd n.r.e.), this court adopted the appellant's statement in lieu of a statement of facts where the factual background of the suit was apparently uncontroverted and the only questions

---

1. Donnelly v. Donnelly, 220 S.W.2d 278 (Tex.Civ.App., Fort Worth 1949, writ ref'd n. r. e.); City of Caldwell v. Schumacher, 204 S.W.2d 471 (Tex.Civ.App., Galveston 1947, reversed on other grounds sub. nom. Schumacher v. City of Caldwell, Tex., 206 S.W.2d 243).

2. Johnson v. Texas Board of Chiropractic Examiners, 449 S.W.2d 145 (Tex.Civ.

App., Amarillo 1969, no writ); City of Houston v. Lakewood Estates, Inc., 429 S.W.2d 938 (Tex.Civ.App., Houston [1st Dist.] 1968, writ ref'd n. r. e.); American Security Life Ins. Co. v. M. D. Anderson Hospital and Tumor Institute, 408 S.W. 2d 155 (Tex.Civ.App., Houston [1st Dist.] 1966, writ dism'd); Rancher v. Franks, 269 S.W.2d 926 (Tex.Civ.App., Fort Worth 1954, no writ).

presented were matters of law. However, rule 419 is permissive rather than mandatory. It merely says that the court "may" accept any statement in appellant's brief as correct unless challenged by appellee. Clyde v. Hamilton, 414 S.W.2d 434 (Tex. 1967). Consequently, we have some degree of discretion. We exercise that discretion here by accepting appellant's statement for the purpose of determining whether it demonstrates the insufficiency of the evidence to support the court's findings.

### The contempt action

On the issue of arrearage the court found:

"That based upon the testimony of the parties herein, together with the other evidence admitted, including the testimony of the Respondent and his current wife, the Respondent was in arrears in the payment of his child support previously ordered by this Court in the amount of $250.00 on the 8th day of May, A. D. 1972, the date upon which hearing was held in this matter."

Appellant's statement of the evidence pertinent to this finding is as follows:

"The evidence given by Appellee, ELDENNA J. WHATLEY, in support of her Motion for Contempt, consisted of her testimony that one bimonthly payment of $125.00 due on June 20, 1971, had not been paid. Appellant, HARRY F. WHATLEY, testified that this payment had been made and offered two canceled checks in evidence representing two payments of $125.00 each made in June of 1971. Appellee identified her signature on these checks and offered no explanation. Appellant, who had remarried, and was corroborated in his testimony by his wife, also testified that in the event that an arrearage existed, that it was not due to any willful disobedience of the Court's Order. Appellant offered evidence to show that if there was an arrearage, it was due to his involuntary inability to pay because the

daily expenses of food, shelter, and family care left him unable to pay the support ordered by the Court. In spite of the conflicting testimony on the arrearage (which consisted of one monthly payment being missed) and involuntary inability to pay, the Court found Appellant in contempt for failure to pay one monthly payment of $250.00."

Plaintiff states further, "The only proof offered in support of Appellee's Motion for Contempt was her own testimony as summarized in the Statement of Facts at the beginning of this brief."

Notwithstanding the statement last quoted, appellant's brief does not appear to make a comprehensive statement of all the evidence on the arrearage issue. Appellant concedes "conflicting testimony on the arrearage," and it is not clear whether he considers this conflict to be limited to the semi-monthly payment of $125 due June 20, 1971, or whether the evidence conflicts on "one monthly payment being missed." Also, there is at least an apparent conflict between plaintiff's testimony that he was not in arrears and his testimony that his "daily expense of food, shelter and family care left him unable to pay the support ordered by the Court." The record indicates further a problem at the trial concerning application of payments. Among the court's conclusions we find a ruling excluding as insufficiently proved certain records offered by appellant on the issue of arrearage and a comment by the court that no allocation was made for 1970 payments found to be delinquent at a previous contempt hearing. Although appellant states that the evidence summarized was the only proof offered, his brief provides no information concerning the evidence on any previous arrearage. We are left to speculate as to what evidence appellant sought to rebut by the records which the court excluded and whether he now fails to mention such evidence because he considers it of no probative value to show that any particular payment was missed. Accordingly, even accepting appellant's state-

ment so far as it appears to recite uncontroverted facts, we exercise our discretion not to accept his assertion that the evidence recited in the brief was the only proof on this issue. Without all the evidence before us we cannot hold that the evidence was insufficient to support the trial court's finding.

We turn now to appellant's contention that the trial court's finding of arrearage does not support the judgment of contempt. He argues that the trial court erred in holding that he was in contempt of court even though his failure to pay was due to his involuntary inability to do so. Based on the finding of arrearage quoted above, the court held that appellant was in contempt and concluded further:

"There is no requirement that the failure of the Respondent to make child support payments ordered by the Court be voluntary as a predicate to punishment by contempt."

█ We do not construe the court's language as holding that appellant was in contempt even though his failure to pay was due to involuntary inability. There is no finding of involuntary inability. The court does find that appellant was in arrears and concludes that there is no requirement of proof that such failure be voluntary as a predicate to punishment by contempt. In this respect the court was correct. Evidence that payments are in arrears is prima facie proof of contempt. Involuntary inability is a defensive matter on which the respondent has the burden of proof. Ex parte Padfield, 154 Tex. 253, 276 S.W.2d 247 (1955). Although the case cited arose on habeas corpus, we think the same rule applies on direct appeal from a contempt order, since the burden in the trial court is the same, regardless of the method of review. The plea is by its nature defensive, and the burden should be on the father. A mother responsible for the care of minor children would have an intolerable burden if she has to establish anew the father's ability to pay every time she seeks the aid of the court to collect a payment past due.

### The action to increase support

The court's finding on the issue of increasing the support payments is as follows:

"That the Petitioner has experienced, since the date of Judgment of Divorce herein, substantial increase in the expenses for medical care of the five children born to the parties, particularly in regard to increased dental expense and in regard to the heart defect of the minor child born to the parties immediately prior to their divorce on the 29th day of October, 1970, which increased expenses constitute a substantial change of conditions which warrants the increase of child support required to be paid by the Respondent to the Petitioner for the support of their minor children from $250.-00 per month to $275.00 per month in accordance with the order of the Court heretofore entered."

Appellant's statement of the evidence pertinent to this finding is as follows:

"The evidence in support of the Motion to Reduce Child Support showed that Appellee, ELDENNA J. WHATLEY, was unemployed at the time of the original divorce hearing. Since the divorce both parties had remarried. The evidence showed that Appellee, ELDENNA J. WHATLEY, was now working and earning a gross salary of $380.00 per month. In addition, her new husband, was employed at a salary of $7.62 per hour for a forty hour week. The testimony of Appellee, ELDENNA J. WHATLEY indicated that there had been an increase in medical expense for one of the children, but there were no specific figures regarding this increased expense. The employment records of Appellant, HARRY F. WHATLEY, were admitted in evidence and reflected that his salary had decreased from $1,-

000.00 per month to $950.00 per month. Appellant and his wife, testified that the daily expenses of food, shelter and family care for themselves and their minor daughter left them unable to pay the $250.00 per month child support in the original order."

▮ Appellant does not give the details of the testimony concerning increased medical expenses. Conceivably it could have indicated large expenses without giving specific amounts. Since appellant's income, even though reduced, was admitted to be $950 per month, the court may well have been justified in regarding with some skepticism the conclusions of appellant and his present wife that he was unable to trim his other expenditures enough to pay $275 per month for the support of five growing children, one of whom needed medical treatment at substantial expense for a heart defect. Thus, even accepting the evidence as stated in appellant's brief, we conclude that his obligation and ability to pay child support were matters within the court's discretion.

▮ Similar reasoning leads us to the conclusion that the court's findings are sufficient in law to support its conclusion that his monthly payments should be increased from $250 to $275. Appellant argues that the finding of increased medical expense standing alone cannot support this conclusion in view of his allegations that his income had decreased, his expenses had increased, and that appellee's income had increased. He insists that these allegations must be taken as admitted, since they were not denied by appellee. We hold that even if these allegations are taken as true, the court had discretion to determine that the increased medical expenses were sufficient to warrant an increase of $25 per month in child support payments in view of appellant's admitted income of $950 per month. The court was not required to make evidentiary findings on the specific amount of the various items of expense or to find that plaintiff's income had increased.

▮ Finally, we note appellant's argument that the court's finding does not support a lump sum award of $275 per month for the five children as distinguished from a separate allotment for each. The original decree also ordered $250 paid in a lump sum without allocation among the five children. The lump sum allowance was erroneous under Brooks v. Brooks, 480 S.W. 2d 463 (Tex.Civ.App., Eastland 1972, no writ), but we find no exception in the record showing that appellant objected to the lump sum award in the trial court. Although formal exceptions are not necessary under Tex.R.Civ.P. 373, that rule requires that the record show either that the complaining party made a timely objection giving the trial court an opportunity to correct the error or that he had no opportunity to object. Otherwise he cannot raise the objection for the first time on appeal. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599 (1952); Dorsey v. Younger Bros., 216 S.W.2d 294 (Tex. Civ.App., Galveston 1948, no writ); Red River Valley Publ. Co. v. Bridges, 254 S.W. 2d 854 (Tex.Civ.App., Dallas 1952, writ ref'd n.r.e.); Marek v. Baylor County, 430 S.W.2d 220 (Tex.Civ.App., Eastland 1968, writ ref'd n.r.e.).

▮ This record fails to show that appellant had no opportunity to object. The lump sum award could not have been unexpected, since it merely increased the lump sum payment provided in the original divorce decree. Appellant's motion to reduce child support neither complained of the lump sum feature of the original award nor prayed that the award to be made on hearing of such motion be allocated among the five children. Consequently, he is in no position to raise the matter now for the first time.

Affirmed.