Clarence M. DUGIE, Appellant,

v.

Carol Olson DUGIE, Appellee.

No. 15325.

Court of Civil Appeals of Texas,
San Antonio.

June 26, 1974.

Biery, Biery, Davis & Myers, Fred Biery, San Antonio, for appellant.

Robert A. Price, IV, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant-husband has perfected his appeal from a default judgment whereby a divorce was granted pursuant to wife's petition, the community property was divided, the wife was appointed managing conservator over the couple's three year old daughter, husband was ordered to contribute the sum of $300 per month child support and husband was ordered to pay wife's attorney the sum of $500 for legal services rendered in said cause.

Wife's petition for dissolution of the marriage was filed on November 26, 1973. Appellant was served with citation and employed Attorney Patricia Grant to represent him. Although said attorney never filed an answer for appellant, she did approve an agreed order of continuance of the case on January 21, 1974, and agreed to a trial setting on February 11, 1974. Appellant was notified in writing of this setting by wife's attorney.

On February 11, 1974, the case was called and wife and her attorney were present, as well as Attorney Grant, on behalf of appellant. Appellant was not present, and his attorney was permitted to withdraw at such time, apparently upon her statement that she had been unable to contact appellant. The case then proceeded to trial before the court. The judgment was signed on February 15, 1974, and on February 20, 1974, appellant, through another attorney, filed a motion for new trial. Appellant urged by said motion for new trial, that his absence on February 11th was not due to conscious indifference,

but to his mistaken belief that the case would be passed in that he and his wife were still receiving counseling from a priest, and he took such conduct to mean the case would not be tried on February 11th. The motion for new trial was overruled on March 8, 1974, and appellant has duly perfected this appeal.

Appellant complains by several points that there is insufficient evidence to support the decree insofar as the child support, attorney's fees and property division is concerned, and further, that the evidence does not support a granting of the divorce. We are unable to consider these evidentiary points in that there is no statement of facts in the record, and, therefore, such points are controlled by appellant's point complaining of appellant's inability to secure a statement of facts because of the failure of the court reporter to transcribe the testimony given at the trial.

Article 2324, Vernon's Tex.Rev. Civ.Stat.Ann., requires the official court reporter to attend all sessions of the court and to take full shorthand notes of all oral testimony offered in cases tried in said court. It is uncontradicted that the reporter did not report this trial. A party may waive the presence of the court reporter, or, as in Robinson v. Robinson, 487 S.W.2d 713 (Tex.1972), he may waive any error in the reporter's failure to transcribe all the proceedings. Here neither appellant nor his attorney were present at the trial, and therefore, it cannot be said that appellant's failure to object to the absence of the court reporter was a waiver. Nor can we presume that the testimony would support the default judgment of the trial court. Such presumption only applies where a statement of facts is available to appellant.

It is settled that the appealing party is entitled to a statement of facts, and

if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the cause. Robinson v. Robinson, supra, James Edmond, Inc. v. Schilling, 501 S.W.2d 432 (Tex.Civ.App.— Waco 1973, no writ); Waller v. O'Rear, 472 S.W.2d 789 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.); Spencer v. Texas Factors, Inc., 366 S.W.2d 699 (Tex.Civ. App.—Dallas 1963, writ ref'd n. r. e.).

Appellant is entitled to have this default judgment reviewed to determine his assignments of error complaining of the sufficiency of the evidence to support the judgment. Such a review cannot be had in the absence of a statement of facts. We, therefore, conclude that the trial court erred in hearing this matter in the absence of the court reporter.

The error requires a reversal and remand of the case for a full trial on the merits.[1] It is, therefore, unnecessary to consider appellant's point asserting error of the trial court in permitting his attorney to withdraw immediately prior to the hearing and without notice to appellant.

The judgment is reversed and the cause remanded.

CADENA, Justice (concurring).

I concur in the judgment of reversal and remand, since the record establishes that, under the rules announced in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939), and Abercia v. First National Bank of San Antonio, 500 S.W.2d 573 (Tex.Civ.App.—San Antonio 1973, no writ), appellant is entitled to have the "default" judgment set aside.

Robinson v. Robinson, supra; Whatley v. Whatley, 493 S.W.2d 299 (Tex.Civ.App.— Dallas 1973, no writ).

[1]. Neither appellant, nor his attorney, was present, and it is not contended that an agreed statement of facts would be available. Cf.