**Ex parte Dennis Ronald THOMPSON.**

No. 18608.

Court of Civil Appeals of Texas, Dallas.

Feb. 20, 1975.

Grier H. Raggio, Raggio & Raggio, Inc., Dallas, for appellant.

James F. Newth, Dallas, for appellee.

GUITTARD, Justice.

Relator was held in contempt of a domestic relations court for disobedience of certain provisions of a divorce decree concerning division of the marital property. He was committed to jail until he should purge himself of contempt by complying with the decree. He now applies to this court for a writ of habeas corpus under Tex.Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp.1974), alleging that he has been illegally deprived of his liberty for an indefinite period because he is unable to produce the property described in the order. We granted bail pending a hearing before this court.

We are unable to determine whether the trial court abused its discretion in committing relator to jail until he should comply with the court's orders because no record was made of the evidence at the contempt hearing. The parties agree that the trial court proceeded without complying with Tex.Rev.Civ.Stat.Ann. art. 2324, which provides in part:

> Each Official Court Reporter shall: Attend all sessions of the court; take full shorthand notes of all oral testimony offered in cases tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto . . . .

This statute was before us in *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ). In that case we stated our strong disapproval of the practice of taking testimony without having a record made by the official reporter. Apparently our admonition, as well as the statute, has been disregarded in the present case and in others which have come before us since the *Whatley* decision.

Accordingly, we restate our position that the official court reporter has the duty to record the testimony in all matters before the court in which testimony is heard, and that the trial judge has the responsibility to see that this duty is performed, regardless of whether the parties are willing to dispense with it.

■ We are unwilling to deny relief here on the basis of a presumption that the trial court heard evidence sufficient to support the contempt order because, if we should do so, relator would be deprived of his liberty for an indefinite period without any effective means of establishing that he is unable to purge himself of contempt and, therefore, that such order is void. Consequently, we shall suspend our consideration of this application for a writ of habeas corpus until a proper record is made.

While our consideration of the matter is suspended, the domestic relations court will have an opportunity to make a proper record. If no other means is available, the court can hear the testimony again and have it properly recorded by the official reporter. The situation is comparable to an ordinary appeal in which a new trial must be ordered because the appellant is unable to obtain a statement of facts. *Cf.* Victory v. Hamilton, 127 Tex. 203, 91 S.W. 2d 697, 700 (1936); Waller v. O'Rear, 472 S.W.2d *789, 792* (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). After the record so made is transcribed and transmitted to us, we will then determine whether the trial court's order is void. Meanwhile, relator will continue at liberty on bail.

The trial court may, of course, modify its order and make any other order it may consider proper. Any such order, however, should be certified to this court so that we may determine what further action we should take.

Consideration of the application for writ of habeas corpus is suspended, and bail for relator is continued pending further proceedings in the trial court.