**Doyle MITCHELL, d/b/a National Whirlpool Bath Corporation, Appellant,**

v.

**HUNSAKER MANUFACTURING, INC.,
Appellee.**

**No. 5423.**

Court of Civil Appeals of Texas,
Waco.

March 6, 1975.

Kraus, Semon & Riddles, Amis Joe Riddles, Roger W. Kraus, Richardson, for appellant.

Gerald T. Waters, Carrollton, for appellee.

HALL, Justice.

Hunsaker Manufacturing, Inc., brought this suit against Doyle Mitchell, d/b/a National Whirlpool Bath Corporation, upon an asserted breach by Mitchell of a written contract under which he was allegedly bound to buy from Hunsaker 1,100 "whirlpool bath machines" which Hunsaker would manufacture and sell to him at a price of $70 per unit. Default judgment was rendered in favor of Hunsaker for $29,650. Mitchell perfected this appeal by writ of error. We reverse and remand.

Apparently, any testimony given in support of the judgment was not transcribed. In any event, the record shows without contradiction that Mitchell has been denied a statement of facts through no fault or want of diligence on his part. He complains of this denial, correctly asserting that without it he is unable to question the sufficiency of the evidence to support several specified fact findings which are implied in the judgment and vital to it.

"The appealing party is entitled to a statement of facts in question and answer form, and if, through no fault of his own, after the exercise of due diligence, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than by a retrial of the case." Victory v. Hamilton, 127 Tex. 203, 91 S. W.2d 697, 700. Cf. Goodin v. Geller, (Tex.Civ.App.—Waco, 1974) Hunsaker's argument that this rule does not bear application, here, because Mitchell failed to comply with the provisions of Rule 377, Vernon's Texas Rules of Civil Procedure is overruled. Rule 377 presupposes that the court reporter's transcription of the testimony is available. Waller v. O'Rear (Tex.Civ.App.—Waco, 1971, writ ref., n. r. e.) 472 S.W.2d 789, 791–792.

The judgment is reversed and this cause is remanded for new trial. It is not likely that Mitchell's remaining complaints will survive another trial, and we need not discuss them.

The costs are taxed one-half to Mitchell and one-half to Hunsaker.