**MORGAN EXPRESS, INC., Appellant,**

v.

**ELIZABETH–PERKINS, INC., Appellee.**

No. 18590.

Court of Civil Appeals of Texas, Dallas.

June 5, 1975.

Rehearing Denied June 26, 1975.

Leonard E. Hoffman, III, Lyne, Klein, French & Womble, Dallas, for appellant.

Esir Tobolowsky, Dallas, for appellee.

GUITTARD, Justice.

In this appeal from a default judgment, the defendant seeks reversal on the ground

that the testimony on which the judgment was based was not recorded and, consequently, no statement of facts is available for review of the sufficiency of the evidence. Plaintiff contends that defendant has not shown diligence, since the record fails to show that a narrative statement of the evidence could not have been obtained by agreement or by request to the trial judge under Texas Rules of Civil Procedure 377. We hold that defendant was not required to seek such a narrative statement because neither defendant nor its counsel were present when the evidence was presented. Accordingly, we reverse the judgment and remand for a new trial.

The suit was filed by Elizabeth-Perkins, Inc. against Morgan Express, Inc. for the value of a shipment of dresses allegedly lost by defendant. Although properly served, defendant failed to answer, and judgment by default was rendered for $724.50 damages and an attorney's fee of $150. Defendant filed a timely motion for a new trial, which was overruled. Defendant made a formal request to the official court reporter for a statement of facts. The reporter certified that he was unable to comply with the request because he was not present when the evidence was given and no other reporter recorded the testimony.

■ Without a statement of facts, we are unable to determine the sufficiency of the evidence to support the finding of damages. The damages alleged here are unliquidated, since they consist of the value of the property and the amount of a reasonable attorney's fee. A default does not admit allegations of damages unless the claim is "liquidated and proved by an instrument in writing." Tex.R.Civ.P. 241. If the claim is unliquidated the court must "hear evidence as to damages." Tex.R.Civ.P. 243; *Southern S.S. Co. v. Schumacher*, 154 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1941, writ ref'd w. o. m.). Consequently, we must decide whether appellant is entitled to reversal because of lack of a record of the evidence heard.

■ If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial may be required in order to preserve his right to review. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972); *Victory v. Hamilton*, 127 Tex. 203, 91 S.W.2d 697, 700 (1936). If the appellant was represented at the trial and did not object to the taking of testimony in the absence of the reporter, his objection to lack of a record may be waived. In such cases the appellant must seek an agreed narrative statement of facts, and if no agreement can be reached, the trial judge is empowered by Tex.R.Civ.P. 377 to settle differences and certify a proper statement of facts. *Robinson v. Robinson, supra*; *Whatley v. Whatley*, 493 S.W.2d 299, 301 (Tex.Civ.App.—Dallas 1973, no writ).

■ If the appellant was not present and was not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed waived. On the question of whether in this situation the appellant must show that he was unable to obtain a statement of facts by agreement or by request to the trial judge, the decisions of the courts of civil appeals are in conflict. One series of cases, beginning with *Johnson v. Brown*, 218 S.W.2d 317, 322 (Tex.Civ.App.—Beaumont 1948, writ ref'd n. r. e.), holds that a defaulting defendant is not entitled to reversal unless he shows that he was unable to obtain a statement of facts in this manner. *Johnson* was followed in *Parker v. Sabine Valley Lumber Co.*, 485 S.W.2d 853 (Tex. Civ.App.—Fort Worth 1972, no writ) and in *Harris v. Lebow*, 363 S.W.2d 184, 185 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.). Other cases hold that a party who was not present or represented at the trial is entitled to a reversal if he is unable to obtain a record from the official reporter. *Mitchell v. Hunsaker Manufacturing, Inc.*, 520 S.W.2d 796 (Tex.Civ.App.—Waco 1975, no writ); Dugie v. Dugie, 511 S.W.2d 623, 624 (Tex.

Civ.App.—San Antonio 1974, no writ); *James Edmond, Inc. v. Schilling*, 501 S.W.2d 432, 434 (Tex.Civ.App.—Waco 1973, no writ).

 In the absence of any expression by the Supreme Court, we must choose between these divergent views. We conclude that an appellant who was not present and was not represented when the testimony was taken is in no position to agree with his opponent concerning the substance of the testimony, and neither should he be required to rely on the unaided memory of the trial judge, who, though presumably fair, has already decided the merits of the case against the appellant. *Cf. Waller v. O'Rear*, 472 S.W.2d 789, 792 (Tex.Civ.App.—Waco 1971, writ ref'd n. r. e.). If the court has an official reporter, Tex.Rev.Civ. Stat.Ann. art. 2324 (Vernon 1971) imposes a mandatory duty on him to "[a]ttend all sessions of the court," and to "take full shorthand notes of all oral testimony offered." The trial judge has the responsibility to see that this duty is performed. *Ex parte Thompson*, 520 S.W.2d 955 (Tex.Civ. App.—Dallas 1975, no writ). If the reporter's failure to perform this mandatory duty deprives a party of this right to an adequate review, the case should be remanded for a new trial.

 Appellee cites cases holding that in absence of a statement of facts, the appellate court must presume that the evidence before the trial court was sufficient to support the judgment. This presumption does not apply on direct review of a default judgment where no statement of facts is available. *Dugie v. Dugie*, 511 S.W.2d 623, 624 (Tex.Civ.App.—San Antonio 1974, no writ); *cf. McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).

 Appellee also contends that the judgment should be affirmed because appellant did not raise the absence of a record by assignment of error in his motion for new trial. A motion for new trial is not a prerequisite to appeal in a nonjury case. Tex.R.Civ.P. 324. Although some courts have held that such a motion, if filed, must assign all the errors complained of on appeal, the law is now settled that appellant is not limited to the errors assigned in a nonmandatory motion. *Boswell· v. Handley*, 397 S.W.2d 213, 217 (Tex.1965); and *cf. State v. Ripke*, 426 S.W.2d 599, 604 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.).

Reversed and remanded.

## ON MOTION FOR REHEARING

Appellee argues in its motion for rehearing that we erred in stating that no statement of facts is available for review of the evidence on damages. It points out that the transcript contains a document entitled "Statement of Facts of Evidence at Hearing on September 11, 1974," signed by counsel for appellee, reciting that the court heard testimony to the effect that the value of the property shipped and lost by appellant was $724.50.

Appellee admits that this document was not agreed to by appellant or certified as correct by the trial judge. Appellee argues, nevertheless, that in absence of objection by appellant, this unilateral statement of the evidence must be accepted as a proper statement of facts under the following provision of Tex.R.Civ.P. 377(a):

A party may prepare and file with the clerk a condensed statement in narrative form of all or part of the testimony and deliver a true copy thereof to the opposing party or his counsel, and such opposing party, if dissatisfied with the narrative statement, may require the testimony in question and answer form to be substituted for all or part thereof.

 In support of this contention appellee relies on *Pacific Fire Insurance Co. v. Smith*, 145 Tex. 482, 199 S.W.2d 486 (1947). We cannot agree that either the *Smith* deci-

sion or rule 377(a) requires us to accept one party's narrative statement of evidence which the other party did not hear as a basis for review. In *Smith*, a statement of evidence prepared by appellant's counsel, who had participated in the trial, was held sufficient for review in absence of objection. Lack of a certificate by the judge was regarded as an "informality," which was waived by failing to file a motion within thirty days as required by Tex.R.Civ.P. 404. Different considerations apply where the appellant was not present at the trial and an uncertified statement of the evidence is filed by appellee. In this situation the appellant is not in a position to determine whether the uncertified statement is correct or not. Consequently, absence of objection should not be taken as a waiver of a properly certified record.

Appellee insists that appellant had the duty under rule 377(a) to object to appellee's narrative statement and, if dissatisfied, then to "require that testimony in question and answer form to be substituted for all or a part thereof." This language of rule 377(a) assumes that the testimony has been recorded in question-and-answer form. *Waller v. O'Rear*, 472 S.W.2d 789, 792 (Tex. Civ.App.—Waco 1971, writ ref'd n. r. e.). Since the official reporter had certified that the testimony had not been recorded, a further request for evidence in question-and-answer form could not have procured a transcript of the actual testimony heard by the court. The rule should not be construed as requiring a meaningless formality unrelated to a just and fair adjudication of the rights of the litigants. Tex.R.Civ.P. 1.

Motion overruled.