BAEN-BEC, INC., Appellant,

v.

Tom TENHOOPEN, Appellee.

No. 4996.

Court of Civil Appeals of Texas, Eastland.

March 10, 1977.

James B. Morgan, Handy & Morgan, Hurst, for appellant.

Jefferson K. Brim, III, Carter & Brim, Commerce, for appellee.

**800**

RALEIGH BROWN, Justice.

This appeal questions the validity of a default judgment taken on an unliquidated claim without the evidence being reported.

Tom Tenhoopen sued Baen-Bec, Inc. and Elbert E. Long to recover damages as a result of "reckless, willful and malicious conduct" for having Tenhoopen arrested in connection with the theft of certain monies and records belonging to Baen-Bec. Long was never served and was dismissed from the suit. Baen-Bec failed to file an answer and a default judgment awarding $10,000 damages was entered against it. Baen-Bec's timely filed motions to set aside the default judgment and for new trial were overruled. Baen-Bec appeals. We reverse and remand.

Appellant argues the trial court erred in granting a default judgment on an unliquidated claim for damages without a record of the testimony being made. It contends that the testimony on which the judgment was based was not recorded and, consequently, no statement of facts is available for review of the sufficiency of the evidence. We disagree with appellant's contention.

The reporter certified that she was unable to comply with appellant's request for a statement of facts because she was not present when the evidence was given and no other reporter recorded the testimony. Appellee concedes the oral testimony was not transcribed and the record reflects that neither the appellee nor the court made a request of the court reporter to record the evidence offered. Appellant made no other attempt to get a statement of facts either by agreement with opposing counsel or from the trial judge.

Appellant urges as controlling *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref.) wherein it is stated:

" . . . We conclude that an appellant who was not present and was not represented when the testimony was taken is in no position to agree with his opponent concerning the substance of the testimony, and neither should he be required to

rely on the unaided memory of the trial judge, who, though presumably fair, has already decided the merits of the case against the appellant. Cf. *Waller v. O'Rear*, 472 S.W.2d 789, 792 (Tex.Civ. App.—Waco 1971, writ ref'd n. r. e.). If the court has an official reporter, Tex. Rev.Civ.Stat.Ann. art. 2324 (Vernon 1971) imposes a mandatory duty on him to '(a)ttend all sessions of the court,' and to 'take full shorthand notes of all oral testimony offered.' The trial judge has the responsibility to see that this duty is performed. *Ex parte Thompson*, 520 S.W.2d 955 (Tex.Civ.App.—Dallas 1975, no writ). If the reporter's failure to perform this mandatory duty deprives a party of this right to an adequate review, the case should be remanded for a new trial."

Subsequent to *Morgan Express*, the Legislature amended Article 2324 by adding the words "upon request." If in fact, the article was mandatory rather than directory prior to the amendment, following the amendment, effective May 27, 1975, Article 2324 is no longer mandatory. See *Taylor v. State*, 489 S.W.2d 890 (Tex.Cr.App.1973).

The Supreme Court in *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976) considering an appeal of a party who had filed responsive pleading but did not appear personally or by counsel at the hearing on the merits reaffirmed a previous holding of the court saying:

" . . . In *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972), we held that if an appealing party exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way. See also *Wallace v. Snyder National Bank*, 527 S.W.2d 485 (Tex.Civ.App. 1975, writ ref'd n. r. e.); *Fitz v. Toungate*, 419 S.W.2d 708 (Tex.Civ.App. 1967, writ ref'd n. r. e.); *Dugie v. Dugie*, 511 S.W.2d 623 (Tex.Civ.App. 1974, no writ)."

*Morgan Express* resolved the issue of diligence necessary for a defaulting appellant

to secure a new trial. It followed that line of cases which held that a party who was not present or represent at the trial is entitled to a reversal if he is unable to obtain a record from the official reporter as opposed to the line of cases which held that a defaulting defendant is not entitled to a reversal unless he shows that he is unable to obtain a statement of facts from the court reporter or as alternatively prescribed by Rule 377, T.R.C.P.

■ We conclude the holding of *Morgan Express* and the line of cases it followed are founded on the then mandatory Article 2324. Under the amended nonmandatory Article 2324, we hold an appellant must comply with Rule 377 as showing due diligence before he is entitled to a new trial. *Smith v. Smith,* supra.

Appellant has not discharged his burden to show no statement of facts was available to him. Therefore, he is unable to establish that no evidence was heard on an unliquidated claim. Rule 243, T.R.C.P. Also, this court may presume the testimony would support the default judgment. *Dugie v. Dugie,* 511 S.W.2d 623 (Tex.Civ.App.—San Antonio 1974, no writ).

Appellant urges the trial court erred in overruling its motion to set aside the default judgment and in failing to grant its motion for new trial. We agree. We are guided in making this determination by the rule reannounced in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939):

" . . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

See also *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966).

Appellee concedes that appellant timely filed its motion to set aside the default judgment and motion for new trial and thus would not have caused significant delay or injustice to him. He argues, however, appellant has not demonstrated that it had a justifiable excuse for failing to answer or a meritorious defense.

Meritorious defense has been defined as one which if established upon another trial will produce a different result. *Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554 (Tex.Comm'n App.1926); *Vela v. Sharp,* 395 S.W.2d 66 (Tex.Civ.App.—San Antonio 1965, writ ref. n. r. e.); *Smith v. Hillsboro State Bank,* 253 S.W.2d 897 (Tex. Civ.App.—Galveston 1952, no writ). In *Alexander v. Hagedorn,* 226 S.W.2d 996 (Tex. 1950), the court stated a meritorious defense is one that is asserted as a defense to the cause of action alleged to support the judgment.

Appellee's cause of action is one for malicious prosecution. The court in *Davis v. Teague,* 256 S.W. 957 (Tex.Civ.App.—Beaumont 1923, writ dism'd) said:

" . . . Facts that would create in the mind of a reasonably prudent man a belief in plaintiff's guilt would constitute a defense against the charge of malicious prosecution . . ."

See also *Moran Utilities Company v. Childs,* 392 S.W.2d 536 (Tex.Civ.App.—Beaumont 1965, writ ref. n. r. e.).

■ Appellant alleged in its motion for new trial, supported by affidavits of its President, James O. Baenisch, and Supervisor, Elbert E. Long, that:

"1. Defendant was the employer of Plaintiff at the time of the incident in question and at said time had good reason to believe and did believe that probable cause existed to suspect the Plaintiff of wrongdoing in his capacity as manager of Defendant's Commerce store due to:

A. Defendant's change fund in the approximate amount of One Hundred and no/100 ($100.00) Dollars was and is currently unaccounted for.

B. Receipts, under exclusive control of Plaintiff although after requested, have not been furnished to Defendant by Plaintiff.

C. The sums of money, which sums were exclusively in Plaintiff's possession, and are presently unaccounted for total approximately Two Thousand Eight Hundred Forty-Four and 59/100 ($2,844.59) Dollars.

D. Defendant nor any agent or servant of Defendant ever filed any criminal complaint against the Plaintiff.

E. Defendant, through it's agent, did request assistance from the Justice of Peace, Precinct Two of Hunt County, Texas, and from Officer Sparks of the Commerce Police Department regarding the apparent shortages set forth above. Any action taken was at the instance of the Justice of Peace or said Police Department.

F. Plaintiff failed to follow company procedure relative to deposits resulting in checks drawn against said deposits being insufficient and Plaintiff, although requested, never offered any explanations regarding the departure from company procedure."

We hold the pleadings meet the test of a meritorious defense.

 As stated by the court in *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972):

"In *Ivy v. Carrell*, supra, this Court said:
    'The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.'
The burden in this situation is much less onerous than the burden that would have been placed on him had he allowed the time for new trial to expire and sought relief in a bill of review proceeding."

The more difficult issue is whether appellant has met the "excuse" requirement of *Craddock.*

The affidavits of Baenisch and Long contend that after being served with citation, contact was made with an investigator with the Hunt County District Attorney's office. This man indicated there was no necessity for filing any written "complaints" and that he would take care of the matter. It was their contention that they mistakenly thought the District Attorney's office had something to do with the lawsuit and that no answer on their part was required. Their failure to answer was not intentional or due to conscious indifference.

We hold such facts meet the accident and mistake "excuse" requirement established by *Caddock*, supra.

The judgment will be reversed and the cause remanded.