COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-103-CV
 
 
  
IN 
THE INTEREST OF W.L.C., JR.
AND 
L.E.C., MINOR CHILDREN
 
 
  
------------
 
FROM 
THE 233RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
father Wilbert appeals from the trial court’s denial of his motion to enforce 
child support.  Wilbert’s motion for enforcement of child support alleged 
that Appellee mother Mary Ann never paid any child support payments or health 
insurance premiums.  He sought $7,970 in back child support, plus interest, 
a withholding order, a security bond, costs, and criminal contempt.  After 
hearing testimony from both parties, the associate judge expressly found the 
testimony insufficient to hold Mary Ann in contempt.  Wilbert did not 
request any other findings.
        In 
his first subissue, Wilbert complains that Mary Ann did not prove by a 
preponderance of the evidence that she had any court-ordered periods of 
possession of the children.  In his second subissue, he complains that she 
did not prove that she supplied actual financial support for the children.  
Wilbert requests that we sustain his subissues, reverse the trial court’s 
judgment, and hold Mary Ann in contempt.
        The 
associate judge’s finding that the evidence was insufficient to support a 
finding of criminal contempt operates as an acquittal and is nonappealable.[2]  We dismiss Wilbert’s request that we hold Mary Ann 
in contempt.
        Regarding 
his subissues, Wilbert has misplaced the initial burden of proof. Wilbert, as 
the movant, had the burden to prove his case in chief.[3]  
Neither a certified copy nor any copy of the decree that Mary Ann allegedly 
violated was in evidence, nor was the trial court asked to take judicial notice 
of it.  There was no evidence of the amount of each periodic child support 
payment or its due date.  There was no evidence of the total amount of 
unpaid child support for which Wilbert sought judgment.  No printout from 
the child support registry was in evidence.  There was no evidence 
supporting the need for a security bond or an award for costs.  
Consequently, we uphold the trial court’s implicit finding that the evidence 
was insufficient to prove Wilbert’s case.
        Because 
Wilbert did not prove his case in chief, the burden never shifted to Mary Ann to 
prove her affirmative defense.[4]  We therefore 
overrule Wilbert’s subissues as moot.
        Having 
overruled both of Wilbert’s subissues, we affirm the trial court’s judgment.
   
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
  
PANEL 
B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.
 
DELIVERED: 
June 3, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
United States v. Dixon, 509 U.S. 688, 695-97, 113 S. Ct. 2849, 2855-56 
(1993) (holding that criminal contempt warrants the same constitutional 
safeguards as other criminal prosecutions); Cadle Co. v. Lobingier, 50 
S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pets. denied) (“Decisions in 
contempt proceedings cannot be reviewed on appeal because contempt orders are 
not appealable, even when appealed along with a judgment that is appealable.”).
3.  
See Ex parte McIntyre, 730 S.W.2d 411, 417 (Tex. App.—San Antonio 1987, 
orig. proceeding) (“At a hearing on a motion for contempt, the movant first 
has the burden of introducing evidence that the respondent did not comply with 
the terms of the order sought to be enforced.”); Whatley v. Whatley, 
493 S.W.2d 299, 303 (Tex. Civ. App.—Dallas 1973, no writ) (“Evidence that 
payments are in arrears is prima facie proof of contempt.”); Daniel J. Lemkuil 
and Alyssa Lemkuil, Confused About Contempt? Prosecuting and Defending 
Enforcement Cases, in 3 State Bar of Texas Advanced Family Law Course 68, 
7-8 (2003) (providing that movant must at minimum prove the court’s 
jurisdiction, the existence of order for which enforcement is sought, movant’s 
right to bring motion, specific violations of order by respondent, and relief 
requested).
4.  
See Minuteman Press Int'l, Inc. v. Sparks, 782 S.W.2d 339, 342 (Tex. 
App.—Fort Worth 1989, no writ) (holding that once properly authenticated copy 
of foreign judgment is introduced, burden shifts to defendant to prove 
affirmative defenses to enforcement).