In the Interest of W.L.C. Jr. and L.E.C., Minor Children

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-103-CV

IN THE INTEREST OF W.L.C., JR. 

AND L.E.C., MINOR CHILDREN 

------------

FROM THE 233
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant father Wilbert appeals from the trial court’s denial of his motion to enforce child support.  Wilbert’s motion for enforcement of child support alleged that Appellee mother Mary Ann never paid any child support payments or health insurance premiums.  He sought $7,970 in back child support, plus interest, a withholding order, a security bond, costs, and criminal contempt.  After hearing testimony from both parties, the associate judge expressly found the testimony insufficient to hold Mary Ann in contempt.  Wilbert did not request any other findings.

In his first subissue, Wilbert complains that Mary Ann did not prove by a preponderance of the evidence that she had any court-ordered periods of possession of the children.  In his second subissue, he complains that she did not prove that she supplied actual financial support for the children.  Wilbert requests that we sustain his subissues, reverse the trial court’s judgment, and hold Mary Ann in contempt.

The associate judge’s finding that the evidence was insufficient to support a finding of criminal contempt operates as an acquittal and is nonappealable.
(footnote: 2)  We dismiss Wilbert’s request that we hold Mary Ann in contempt.

Regarding his subissues, Wilbert has misplaced the initial burden of proof.  Wilbert, as the movant, had the burden to prove his case in chief.
(footnote: 3)  Neither a certified copy nor any copy of the decree that Mary Ann allegedly violated was in evidence, nor was the trial court asked to take judicial notice of it.  There was no evidence of the amount of each periodic child support payment or its due date.  There was no evidence of the total amount of unpaid child support for which Wilbert sought judgment.  No printout from the child support registry was in evidence.  There was no evidence supporting the need for a security bond or an award for costs.  Consequently, we uphold the trial court’s implicit finding that the evidence was insufficient to prove Wilbert’s case.

Because Wilbert did not prove his case in chief, the burden never shifted to Mary Ann to prove her affirmative defense.
(footnote: 4)  We therefore overrule Wilbert’s subissues as moot.

Having overruled both of Wilbert’s subissues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and MCCOY, JJ. 

DELIVERED:  June 3, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
United States v. Dixon
, 509 U.S. 688, 695-97, 113 S. Ct. 2849, 2855-56 (1993) (holding that criminal contempt warrants the same constitutional safeguards as other criminal prosecutions); 
Cadle Co. v. Lobingier
, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pets. denied) (“Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable.”).

3:
See Ex parte McIntyre
, 730 S.W.2d 411, 417 (Tex. App.—San Antonio 1987, orig. proceeding) (“At a hearing on a motion for contempt, the movant first has the burden of introducing evidence that the respondent did not comply with the terms of the order sought to be enforced.”); 
Whatley v. Whatley
, 493 S.W.2d 299, 303 (Tex. Civ. App.—Dallas 1973, no writ) (“Evidence that payments are in arrears is prima facie proof of contempt.”); Daniel J. Lemkuil and Alyssa Lemkuil, 
Confused About Contempt?  Prosecuting and Defending Enforcement Cases
, in 3 State Bar of Texas Advanced Family Law Course 68, 7-8 (2003) (providing that movant must at minimum prove the court’s jurisdiction, the existence of order for which enforcement is sought, movant’s right to bring motion, specific violations of order by respondent, and relief requested).

4:
See Minuteman Press Int'l, Inc. v. Sparks
, 782 S.W.2d 339, 342 (Tex. App.—Fort Worth 1989, no writ) (holding that once properly authenticated copy of foreign judgment is introduced, burden shifts to defendant to prove affirmative defenses to enforcement).