**Jack Gordon DUCOFF, Appellant,**

v.

**Gloria L. DUCOFF, Appellee.**

**No. 1129.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1975.

Rehearing Denied May 21, 1975.

Bernard L. Chanon, Houston, for appellant.

David J. Hittner, Glassman & Hittner, Houston, for appellee.

COULSON, Justice.

This is an appeal by Jack Gordon Ducoff from an order of the Court of Domestic Relations granting a modification in the parent-child relationship.

By decree entered September 2, 1971, Gloria L. Ducoff was granted a divorce from Jack Gordon Ducoff, and custody of the two children of the marriage. The divorce decree ordered that Jack Gordon Ducoff pay $125 per month per child for the support of said children.

On May 23, 1974, Gloria L. Ducoff instituted suit against Jack Gordon Ducoff (respondent or appellant) seeking an increase in child support. The respondent answered and opposed the requested increase.

After a hearing, at which both of the parties testified and were represented by counsel, the trial court entered an order, dated July 29, 1974. Jack Gordon Ducoff was ordered to pay $325 per month for the support of the two minor children. Jack Gordon Ducoff has perfected his appeal from that order.

The appellant states as his first point of error that: "The trial court erred in failing to require an expressed waiver of a statement of facts by the parties in compliance with Section 11.14(d) of the Family Code."

The appellant's first point of error refers to Tex. Family Code Ann. § 11.14(d), V.T.C.A. (1975), which relates to suits affecting the parent-child relationship and provides:

A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.

Tex. Family Code Ann. § 11.14(d) became effective January 1, 1974.

A court reporter was not present during the hearing on the application for an increase in child support. Neither party requested a court reporter to record the testimony offered in the case, nor did they ob-

ject in the trial court to the absence of a court reporter.

In the case before this Court, the appellant has filed a transcript. The appellant has not filed a statement of facts in any of the several forms permitted by the Texas Rules of Civil Procedure.

For the reasons hereinafter stated, the appellant's first point of error is overruled.

■ The asserted point of error relates to a procedural matter in a civil case. In order for such a procedural point to be reviewed on appeal, a proper predicate must be made in the trial court. The procedural point in the trial court did not affect the merits of the case. The procedural point of error in this civil case can not be raised for the first time on appeal since, if it is error, it is not fundamental error.

In 1925, the Legislature defined the duties of the official court reporter in Vernon's Tex.Rev.Civ.Stat.Ann. art. 2324 (1971), providing in pertinent part:

Each Official Court Reporter shall: Attend all sessions of the court; take full shorthand notes of all oral testimony offered in the cases tried in said court, together with all objections to the admissibility of the evidence, the rulings and remarks of the court thereon, and all exceptions thereto . . . .

The cases interpreting Article 2324 have indicated that the absence of a reporter in a civil matter is not a fundamental error, but must be objected to at the trial level if the error is to be preserved for review on appeal. Dugie v. Dugie, 511 S.W.2d 623 (Tex.Civ.App.-San Antonio 1974, no writ).

■ The appellant treats "a record . . . as in civil cases generally" as used in Section 11.14(d) to be solely equivalent to a statement of facts prepared by the official court reporter who attended and reported the hearing. We do not agree with the appellant's position. The term "record" can refer to any of several methods of recording the proceedings, testimony, evidence and rulings in the trial of a civil case as provided by the Rules. *See,* Brown v. Brown, 520 S.W.2d 571 (Tex. Civ.App.-Houston [14th Dist.] 1975).

■ The appellant in a civil case is entitled to a statement of facts even though the official court reporter has failed to record the evidence and although no complaint was made of the absence of the reporter. Texas Rules of Civil Procedure, rule 377 provides alternate methods of preparing a record of the evidence presented before the trial court. The appellant is entitled to a narrative statement either through agreement with the opposing party, or by the approval of the trial judge. When such a statement of facts is unavailable to the appellant, either because of the refusal of the opposing party to agree to same, or because the trial judge cannot recall the facts sufficiently to approve a statement of facts, then the appellant is entitled to a reversal and new trial. Robinson v. Robinson, 487 S.W.2d 713, 715 (Tex.Sup.1972); Strode v. Srygley, 342 S. W.2d 638, 641 (Tex.Civ.App.-Fort Worth 1961, writ ref'd n. r. e.).

■ By enacting Tex. Family Code Ann. § 11.14(d), the Legislature provided that in cases affecting the parent-child relationship "a record" should be made unless waived by the parties with the consent of the court. The Legislature did not thereby require a question and answer statement of facts. Nor did the Legislature place the burden upon the trial judge in these cases to provide the appellant with a narrative statement of facts in the absence of a request for such a statement under Tex.R.Civ.P. 377.

■ In the case before this Court, there is nothing in the record to suggest that the appellant was denied a statement of facts under the Texas Rules of Civil Procedure. Robinson v. Robinson, *supra,* indicates that in civil cases generally, an appellant must

exercise due diligence to obtain a proper record.

■ Notwithstanding our ruling in this case made necessary by the circumstances under which this case comes before us, we would remind all trial courts that Tex.Rev.Civ.Stat.Ann. art. 2324 and Tex. Family Code § 11.14(d) should be followed. Failure to do so in a purely civil case is procedural error and is not fundamental error. Robinson v. Robinson, *supra*; Wilkinson v. Evans, 515 S.W.2d 734 (Tex.Civ.App.-Dallas 1974, writ ref'd n. r. e.). However, proceedings involving constructive contempt. are criminal in nature since they may result in penalties and punishment. Schwartz v. Jefferson, Tex., 520 S.W.2d 881 (1975). In constructive contempt cases compliance with Tex.Rev.Civ. Stat.Ann. art. 2324 is mandatory and failure to comply is fundamental error. Ex parte Thompson, 520 S.W.2d 955 (Tex. Civ.App.-Dallas, 1975).

The appellant's second point of error states that: "The trial court erred in effectively denying the appellant the right to file a request for additional and amended findings of fact and conclusions of law, by filing same without notice to appellant." The appellant contends that Tex.R.Civ.P. 72, requiring that a copy of a party's motion or pleadings be served upon the adverse party, ought to apply to the trial court's findings of fact and conclusions of law.

■ Tex.R.Civ.P. 298 states that Tex. R.Civ.P. 21a or 21b are the applicable notice provisions with respect to findings of fact and conclusions of law. Those Rules provide that the applicant for findings of fact and conclusions of law must serve the adverse party with a copy of his application. However, neither the applicant nor the court is required to serve the adverse party with a copy of the findings. Rule 298 only requires that the judge file the findings of fact and conclusions of law. The adverse party, the appellant in this case, is then on notice that the applicant's motion has been acted upon and he must guard his interest accordingly. The second point of error is overruled.

Affirmed.