**Ex parte Harlan NORTON.**

**No. 66531.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 21, 1981.

James E. Davis, Texarkana, Ark., for appellant.

Louis J. Raffaelli, Dist. Atty., and Rodney McDaniel, Asst. Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an original habeas corpus proceeding. The facts pertinent here are set out in a portion of the judgment of contempt:

"BE IT REMEMBERED THAT on this 2nd day of October, 1980, came on to be heard the above entitled and numbered matter in which Harlan K. Norton stood charged with resisting arrest in this cause, and came the Court at a regular setting of the Misdemeanor Docket to sound such Docket, whereupon the said Harlan K. Norton appeared with a placard with writings and an American flag, which appearance was disruptive and the Court then and there instructed the said Harlan K. Norton to remove the said placard and flag from the Courtroom, which instruction was refused by the said Harlan K. Norton, but rather the said Harlan K. Norton embarked upon a loud and offensive discourse about freedom, 'freedom fighting,' and other matters unintelligible to the Court and was required to be forcibly removed from such Courtroom by officers of the Court;

"And prior to his removal by force from the Courtroom, the said Harlan K. Norton was instructed that his conduct was disruptive and contemptuous and he was, then and there in Open Court, found to be in direct contempt of Court."

Subsequently we ordered petitioner released upon the posting of a $1000.00 bond pending our further orders.

Petitioner contends that the judgment is void "because the proceedings . . . were not recorded in accordance with Article 2324 [VACS], thus denying the Petitioner due process of law," citing *Ducoff v. Ducoff*, 523 S.W.2d 264 (Tex.Civ.App.1975) and *Ex parte Hart*, 520 S.W.2d 952 (Tex.Civ.App. 1975).

Petitioner's contention is without merit. This contempt order followed disruptive behavior in the view and immediate presence of the court. The due process considerations of such contempt do not require a hearing. See generally, Odom and Baker, *Direct and Constructive Contempt*, 26 Baylor L.R. 147, 155–60 (1974). Further, the cited statute does not require the attendance of a court reporter or the transcription of such proceedings absent a request by the party. See Art. 2324, V.A.C.S. (Vernon Supp.1980–81).

The cases cited by petitioner, although not binding on us, are not even in point. *Ducoff* and *Hart* both involved contempt committed outside the view or immediate presence of the court. In those situations due process does require a hearing. Both cases involved Art. 2324 *prior to its amendment in 1975* which did *require* the court reporter to attend and note *all* sessions of the court; however, as noted above, it no longer does. See *Baen-Bec, Inc. v. Tenhoopen*, 548 S.W.2d 799 (Tex.Civ.App.1977); see also Art. 40.09, Sec. 4, V.A.C.C.P.

Accordingly the relief requested is denied.