**Eddie RAMIREZ (In The Interest of C.E.S., A Child), Appellant,**

v.

**Sylvia Ann SANCHEZ, Appellee.**

**No. 04–93–00551–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 9, 1994.

Milton I. Fagin, San Antonio, for appellant.

Michael D. Reyna, Law Office of Michael D. Reyna, San Antonio, for appellee.

Before BUTTS, PEEPLES and RICKHOFF, JJ.

## OPINION

BUTTS, Justice.

Eddie Ramirez appeals by writ of error from a judgment declaring him to be the father of C.E.S. The trial court entered

orders that he pay child support, prenatal and postnatal health care, medical care, education expenses and attorney's fees. We reverse and remand.

Ramirez raises six points of error. We first address points of error one, four and six: the trial court erred by entering its (1) "Final Decree in Paternity Suit," (2) "Conservatorship, Child Support and Health Care Order in Paternity Suit," and (3) "Order Withholding from Earnings for Child Support," without making a record of the testimony as required by Section 11.14(d) of the Texas Family Code. A summary of the pertinent facts follows.

Sylvia Ann Sanchez sued Ramirez to establish the paternity of her child, C.E.S., pursuant to TEX.FAM.CODE ANN. §§ 13.01 et seq. (Vernon 1986 & Vernon Supp.1994).[1] Ramirez failed to answer or appear at any of the proceedings.

Following a hearing on March 10, 1993, the trial court entered its Final Decree in Paternity Suit. No statement of facts appears in the appellate record for this hearing, and presumably none was prepared because the order states "The making of a record of testimony was waived by the parties with the consent of the Court."

In the Final Decree in Paternity Suit, the trial court: (1) declared Ramirez to be the father of C.E.S.; (2) appointed Sanchez as sole managing conservator and Ramirez as possessory conservator; and (3) ordered Ramirez to pay prenatal and postnatal health care expenses ($9,930.04) and attorney's fees ($1,700).

Next, following a July 12, 1993 hearing, the trial court entered a Conservatorship, Child Support and Health Care Order in Paternity Suit and an Order Withholding from Earnings for Child Support. Again, there is no statements of facts in the appellate record for this hearing. Also, the conservatorship order states "The making of a record of testimony was waived by the parties with the consent of the Court."

In the Conservatorship, Child Support and Health Care Order, the trial court: (1) outlined conservatorship duties and periods of possession; (2) ordered Ramirez to pay child support ($386 per month) and child support arrearage ($7,334); (3) ordered Ramirez to pay one-half of the cost of medical care and education expenses; and (4) awarded Sanchez the dependency exemption for federal income taxes.

■ Ramirez argues that Texas Family Code section 11.14(d) required the trial court to make a record of the testimony at both hearings. We agree.

■ Section 11.14(d) provides that in all suits affecting the parent-child relationship "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court." TEX.FAM.CODE ANN. § 11.14(d) (Vernon 1986). See also, Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985). Making a record "means that all oral testimony must be recorded." Stubbs, 685 S.W.2d at 645. Here the oral testimony was not recorded. Further, Ramirez was not present to waive the making of a record.

■ Sanchez argues that she created a record sufficient to satisfy Section 11.14(d) by "the pleadings, motions, and papers on file." Sanchez also argues that because the trial court stated in its Final Decree of Paternity that Ramirez failed to appear and consequently defaulted, the trial court created a "record" that Ramirez waived his right to paternity testing. Sanchez relies on Ducoff v. Ducoff, 523 S.W.2d 264 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ), for her argument. We disagree and decline to interpret Ducoff as appellee urges. In Ducoff, the court merely stated that a narrative statement of facts was an acceptable alternative to the more commonly used question-and-answer form of statement of facts. As previously discussed, a section 11.14(d) record refers to the recording of oral testimony. See Stubbs, 685 S.W.2d at 645. Thus, the pleadings, motions and orders here—which do not record oral testimony—are not section 11.14(d) records.

■ Sanchez also argues that Ramirez is estopped from contesting the trial court's

1. All references are to the Texas Family Code unless otherwise noted.

paternity determination because paternity is deemed admitted under section 13.02(d) by Sanchez' failure to appear. We disagree. Section 13.02(d) provides in pertinent part "If the respondent fails to appear and wholly defaults .... paternity testing shall be waived." TEX.FAM.CODE ANN. § 13.02(d) (Vernon Supp.1994). We do not read section 13.02(d) as dispensing with the section 11.-14(d) record requirement.

Because of our disposition of points of error one, four and six, we need not address the merits of Ramirez' remaining points of error. The July 12, 1993 orders are set aside. The judgment is reversed and the cause is remanded to the trial court for further proceedings.[2]

---

**2.** We note that by this appeal, Ramirez has entered his appearance for trial. *See* TEX.R.CIV.P.

