MEMORANDUM OPINION




No. 04-04-00009-CV



IN THE INTEREST OF J.A.G.






From the 225th Judicial District Court, Bexar County, Texas 


Trial Court No. 2003-EM5-03612


Associate Judge Juan Antonio Chavira, Presiding (1)



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: August 4, 2004


REVERSED AND REMANDED

 William Henry Ashcraft ("Ashcraft"), an inmate acting pro se, appeals from a default
judgment establishing his parent-child relationship with J.A.G., a minor child. We reverse the
judgment of the trial court and remand the cause for further proceedings.


Background

 The Office of the Texas Attorney General filed a petition to establish the parent-child
relationship between Ashcraft and J.A.G., a minor child. Although properly served, Ashcraft was
incarcerated and relied on his attorney to answer and appear at the hearing on his behalf; his counsel
failed to appear and did not file a timely answer. The trial court entered a default judgment
adjudicating Ashcraft the biological father of J.A.G., appointing him joint managing conservator, and
ordering him to pay current and retroactive child support. Ashcraft filed a general denial after the
judgment was signed. During the trial court's plenary jurisdiction, Ashcraft filed a motion for
rehearing (2) denying paternity and a motion for DNA testing, which were overruled. This appeal
followed.

Analysis

 On appeal, Ashcraft contends that the trial court erred in entering the default judgment
because he is not the child's father, and he was incarcerated at the time of the hearing and relied on
counsel to appear on his behalf. The Attorney General acknowledges that the judgment must be
reversed and remanded because the trial court erred in (1) failing to make a record of the proceedings
and (2) failing to grant Ashcraft's motion for rehearing and request for DNA testing.

 The Supreme Court has held that the trial court has an affirmative duty to insure that the court
reporter makes a record of proceedings involving parent-child relationships, unless waived by the
parties with the court's consent, and failure to do so constitutes error on the face of the record
requiring reversal. Stubbs v. Stubbs, 685 S.W.2d 643, 645-46 (Tex. 1985) (interpreting former
§11.14(d) of the Texas Family Code, the predecessor to current §105.003 of the Texas Family Code).
Section 105.003 of the Texas Family Code states that a record of proceedings in suits affecting the
parent-child relationship must be made unless waived by the parties with the consent of the court. 
Tex. Fam. Code Ann. § 105.003 (Vernon 2002). Where a party is not present or represented by
counsel at the hearing, however, the making of a record cannot be waived as to the absent party and
a trial court commits error in consenting to the waiver of a record. See Ramirez v. Sanchez, 871
S.W.2d 534, 535 (Tex. App.--San Antonio 1994, no writ); see also In re Vega, 10 S.W.3d 720, 722
(Tex. App.--Amarillo 1999, no pet.).

 Here, the judgment recites that "[a] record of the proceedings was waived by the parties with
the consent of the court." Because Ashcraft was not present at the hearing nor was he represented
by counsel, he could not waive the making of a record and the trial court erred in consenting to the
waiver of a record. See Ramirez, 871 S.W.2d at 535-36; Vega, 10 S.W.3d at 722. Accordingly, the
judgment must be reversed and remanded for a new trial based on the lack of a record.

 In addition, we conclude the trial court abused its discretion in failing to grant Ashcraft's
motion for new trial and motion for DNA testing. See Dir., State Employees Workers' Comp. Div.
v. Evans, 889 S.W.2d 266, 268 (Tex. 1994) (trial court's denial of motion for new trial is reviewed
under abuse of discretion standard). Before a default judgment can be set aside and a new trial
granted, the defendant must satisfy all the elements of the Craddock test. Bank One, Texas, N.A. v.
Moody, 830 S.W.2d 81, 82-83 (Tex. 1992); see Craddock v. Sunshine Bus. Lines, Inc., 134 Tex.
388, 133 S.W.2d 124, 126 (1939). Under Craddock, a default judgment should be set aside and a
new trial granted in any case in which the defendant demonstrates: (1) that his failure to answer was
not intentional or the result of conscious indifference; (2) that he has a meritorious defense; and (3)
that granting a new trial will not operate to cause delay or other injury to the plaintiff. Norton v.
Martinez, 935 S.W.2d 898, 901 (Tex. App.--San Antonio 1996, no writ) (citing Craddock, 133
S.W.2d at 126). Where the elements of the Craddock test are satisfied, it is an abuse of discretion
to deny the defendant a new trial. Id.; Evans, 889 S.W.2d at 268.

 As the Attorney General concedes, the record shows that Ashcraft's failure to appear at the
hearing was not intentional or the result of conscious indifference; there is no conflicting evidence on
this issue. Ashcraft's motion for new trial asserts a meritorious defense which, if proved, would
change the result of the proceedings. Norton, 935 S.W.2d at 902. Finally, the Attorney General
agrees that the parties will not be harmed by a delay for a new trial and DNA testing; rather, such a
delay is preferable if it results in the necessary evidence to determine paternity of the child. Because
all the elements of the Craddock test are met, the court abused its discretion in denying Ashcraft a
new trial. Further, in view of the unique nature of a paternity action and the fact that paternity is
generally, and preferably, resolved by DNA testing, we conclude that the court also abused its
discretion in failing to grant Ashcraft's motion for DNA testing.

 Based on the foregoing reasons, we reverse the judgment and remand the cause for a new trial
consistent with this opinion.

 

 Phylis J. Speedlin, Justice





1. The Honorable John Specia is the presiding judge of the 225th Judicial District Court, Bexar County, Texas.
Associate Judge Juan Antonio Chavira presided over the hearing regarding the parent-child relationship and signed
the default judgment that is the subject of this appeal. See Tex. Fam. Code Ann. §§ 201.007(c), 201.013(b) (Vernon
Supp. 2004).

2. Ashcraft's "Motion for Rehearing" is equivalent to a motion to set aside the default judgment and motion
for new trial, and will be treated as such.