COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-420-CV

 

 

IN THE INTEREST OF A.O., A CHILD                                                       

 

                                              ------------

 

           FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Rosa Rojas appeals the custody
provisions of the trial court=s order in the
suit affecting the parent-child relationship filed by appellee Jose O., who is
the father of Rosa=s son, A.O.  Because the trial court erred by consenting
to a waiver of the making of a reporter=s record, we
reverse and remand for a new trial.








On July 31, 2006, Jose filed a suit affecting the
parent-child relationship (ASAPCR@) in Tarrant County
to adjudicate paternity and establish the parent-child relationship between him
and his fourteen-year-old biological son, A.O. Jose alleged that A.O. resided
in Texas[2]
and requested the court to appoint him sole managing conservator of the
child.  Rosa was served on August 4,
2006, with the lawsuit and a notice that a hearing for temporary orders was
scheduled for 9 a.m. on September 6, 2006.

On August 14, 2006, the trial court received a letter from
Rosa stating that she and A.O. did not agree to Jose=s request for sole
managing conservatorship.  Rosa wrote
that in the ten years since she and Jose separated, Jose never intended to establish
a close relationship with A.O. and never paid regular child support.  She claimed that A.O. refused to see his
father; A.O. had spent a year in Texas with Jose but had since returned to
California and did not want to live with Jose again.  Rosa said that she had recently filed for
child support in California, but she did not provide a copy of any paperwork
relating to child support, and she did not mention or provide a copy of any
support or custody order already in place.








On October 2, 2006, the trial court received another letter
from Rosa explaining that she did not appear at the hearing for temporary
orders because she could not leave her job, had no one to care for her two
young daughters, and could not afford an airplane or bus ticket to Texas.[3]  She requested the judge to Areschedule the
next court till around November 2006@ to give her the
chance to get time off work and save money for the trip.








On October 5, 2006, an associate judge signed a report
appointing Jose sole managing conservator, and Rosa possessory conservator, of
A.O.  The district court judge signed
this report the next day as Aapproved and so
ordered.@  The report ordered that Jose was to have
possession of A.O. immediately and thereafter unless by agreement or pursuant
to the terms of AFC ' 153.311 et seq.
for parents who reside more than 100 miles.@[4]  The report also ordered that Rosa would be
responsible for all transportation expenses for her periods of access but did
not order any further support for the child. 
The report reflects that Jose appeared before the associate judge in
person representing himself pro se, and that two representatives from AFCS@ also appeared,[5]
but Rosa did not appear.  It also appears
from the report that the associate judge considered a report from FCS, but this
report is not included in the clerk=s record.[6]  No reporter=s record of this
hearing has been filed with this court.[7]

Almost one month later, the trial court signed a ADefault Final
Order in Suit Affecting Parent-Child Relationship@ on November 2,
2006.  In the order, the trial court
adjudicated Jose to be the father of A.O. and appointed him A.O.=s permanent sole
managing conservator, with Rosa as the possessory conservator.  The possession order was not the standard
possession order contained in the family code, however; instead, the court
ordered that Rosa Ashall have possession of and access to
[A.O.] as mutually agreed upon by both parties. 
Therefore, barring permission from [Jose], Rosaeslla[8]
shall have not [sic] possession of or access to [A.O.].@ 








Rosa timely appealed the trial court=s order,
specifically challenging in her notice of appeal the discrepancy between
visitation rights ordered in the associate judge=s report and the
visitation rights included in the final custody order.  She raises three issues in her appellate
brief challenging the trial court=s custody
order.  Jose did not file an appellee=s brief.

Rosa does not specifically complain of the legal or factual
sufficiency of the evidence to support the trial court=s order, nor does
she provide the applicable standards of review for challenging the sufficiency
of the evidence in either of her first two issues.  See Tex.
R. App. P. 38.1(h).  Nevertheless,
upon liberally construing Rosa=s issues and the
arguments briefed, we interpret these two issues to complain essentially that
the trial court=s findings were not supported by the
evidence, so we will address the factual sufficiency of the evidence.  See Tex.
R. App. P. 38.9; see also Pool v. Ford Motor Co., 715 S.W.2d 629,
633 (Tex. 1986) (holding that an inappropriately phrased point should be
construed as raising a challenge to the factual sufficiency of the evidence
when the error is Areadily apparent from the argument briefed@).  








The associate judge=s report reflects
that the judge considered evidence from FCS at the hearing, but no reporter=s record of that
hearing has been filed in this court. 
Generally, if no reporter=s record is filed
due to fault of the appellant, we may consider and decide only those issues
that do not require a reporter=s record for a
decision.  See Tex. R. App. P. 37.3(c).  We cannot consider whether the evidence is
factually sufficient without actually reviewing the evidence presented to the
trial court, but we cannot review the evidence presented to the trial court in
this case without a reporter=s record.  However, we hold that the lack of a reporter=s record does not
require us to disregard Rosa=s factual
sufficiency challenges because the lack of a reporter=s record is not
her fault. 








Section 105.003(c) of the family code provides that for
contested hearings in SAPCRs, A[a] record shall
be made as in civil cases generally unless waived by the parties with the
consent of the court.@  Tex. Fam. Code Ann. ' 105.003(c)
(Vernon 2002).  Likewise, the rules of
appellate procedure require that the official court reporter attend court
sessions and make a full record of the proceedings unless excused by agreement
of the parties.  Tex. R. App. P. 13.1(a). 
The Texas Supreme Court has held that the trial court has an affirmative
duty to insure that the court reporter makes a record of proceedings involving
parent‑child relationships, unless waived by the parties with the court=s consent, and
failure to do so constitutes error on the face of the record requiring
reversal.  Stubbs v. Stubbs, 685
S.W.2d 643, 645‑46 (Tex. 1985) (interpreting predecessor to family code ' 105.003).  When a party is not present or represented by
counsel at the hearing, the making of a record cannot be waived as to the
absent party, and a trial court commits error by consenting to the waiver of a
record. See In re Vega, 10 S.W.3d 720, 722 (Tex. App.CAmarillo 1999, no
pet.); Ramirez v. Sanchez, 871 S.W.2d 534, 535 (Tex. App.CSan Antonio 1994,
no writ).

Here, the trial court=s final order
recites that A[t]he making of a record of testimony was
waived by the parties with the consent of the Court.@  But because Rosa was not present at the
hearing nor was she represented by counsel, she could not waive the making of a
record; therefore, the trial court erred by consenting to the waiver of a
record. See Vega, 10 S.W.3d at 722; Ramirez, 871 S.W.2d at 535‑36.  This is reversible error because without a
reporter=s record, we
cannot determine whether the evidence supporting the trial court=s judgment was
factually sufficient, so the trial court=s error prevented
Rosa from properly presenting her case to the appellate court.  See Tex.
R. App. P. 44.1(a)(2).  We sustain
Rosa=s first two
issues.[9]

 

 

 

 

 








On appeal, Rosa challenges only the custody provisions of
the trial court=s order; she does not challenge the order=s adjudication of
parentage.  Accordingly, we affirm that
portion of the trial court=s judgment finding
Jose to be the biological father of A.O. 
We reverse that portion of the judgment regarding conservatorship,
possession, and access and remand the cause for a new trial.

 

 

PER CURIAM

 

PANEL F:     MCCOY,
GARDNER, and WALKER, JJ.

 

DELIVERED: August 31, 2007

 











[1]See Tex.
R. App. P. 47.4.





[2]Rosa, A.O.=s mother, lives in
California. 





[3]The clerk=s record does not show
whether this hearing was actually held.





[4]Family code sections
153.311 through .317 provide a standard possession order with specified terms
detailing periods of possession of the child. 
Tex. Fam. Code Ann. '' 153.311-.317 (Vernon
2002 & Supp. 2006).





[5]The meaning of AFCS@ is not further explained
in the record but probably refers to Family Court Service, a Tarrant County
government office that conducts court-ordered social study investigations.  See Family Court Service,
http://www.tarrantcounty.com/eFamilyCourtSvc/site/default.asp (last visited
August 29, 2007).





[6]The report states, ACt. finds after report
from FCS & caseworker that the following orders are in the best interest of
the child . . . .@





[7]Rosa indicated on her
docketing statement, and the associate judge=s court reporter confirmed with the clerk of this
court, that no reporter=s record was made of this
hearing.





[8]This final order is the
only document in the clerk=s record referring to A.O.=s mother as ARosaeslla Rojas.@  Elsewhere throughout the record, including in
the original SAPCR petition, she is named ARosa Rojas.@





[9]Having sustained Rosa=s first two issues, we
need not reach her third issue complaining of the trial court=s denial of a motion to
set aside default judgment.  See Tex. R. App. P. 47.1.