COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-420-CV

IN THE INTEREST OF A.O., A CHILD 

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rosa Rojas appeals the custody provisions of the trial court’s order in the suit affecting the parent-child relationship filed by appellee Jose O., who is the father of Rosa’s son, A.O.  Because the trial court erred by consenting to a waiver of the making of a reporter’s record, we reverse and remand for a new trial.

On July 31, 2006, Jose filed a suit affecting the parent-child relationship (“SAPCR”) in Tarrant County to adjudicate paternity and establish the parent-child relationship between him and his fourteen-year-old biological son, A.O. Jose alleged that A.O. resided in Texas
(footnote: 2) and requested the court to appoint him sole managing conservator of the child.  Rosa was served on August 4, 2006, with the lawsuit and a notice that a hearing for temporary orders was scheduled for 9 a.m. on September 6, 2006.

On August 14, 2006, the trial court received a letter from Rosa stating that she and A.O. did not agree to Jose’s request for sole managing conservatorship.  Rosa wrote that in the ten years since she and Jose separated, Jose never intended to establish a close relationship with A.O. and never paid regular child support.  She claimed that A.O. refused to see his father; A.O. had spent a year in Texas with Jose but had since returned to California and did not want to live with Jose again.  Rosa said that she had recently filed for child support in California, but she did not provide a copy of any paperwork relating to child support, and she did not mention or provide a copy of any support or custody order already in place.

On October 2, 2006, the trial court received another letter from Rosa explaining that she did not appear at the hearing for temporary orders because she could not leave her job, had no one to care for her two young daughters, and could not afford an airplane or bus ticket to Texas.
(footnote: 3)  She requested the judge to “reschedule the next court till around November 2006” to give her the chance to get time off work and save money for the trip.

On October 5, 2006, an associate judge signed a report appointing Jose sole managing conservator, and Rosa possessory conservator, of A.O.  The district court judge signed this report the next day as “approved and so ordered.”  The report ordered that Jose was to have possession of A.O. immediately and thereafter unless by agreement or pursuant to the terms of “FC § 153.311 et seq. for parents who reside more than 100 miles.”
(footnote: 4)  The report also ordered that Rosa would be responsible for all transportation expenses for her periods of access but did not order any further support for the child.  The report reflects that Jose appeared before the associate judge in person representing himself pro se, and that two representatives from “FCS” also appeared,
(footnote: 5) but Rosa did not appear.  It also appears from the report that the associate judge considered a report from FCS, but this report is not included in the clerk’s record.
(footnote: 6)  No reporter’s record of this hearing has been filed with this court.
(footnote: 7)
 Almost one month later, the trial court signed a “Default Final Order in Suit Affecting Parent-Child Relationship” on November 2, 2006.  In the order, the trial court adjudicated Jose to be the father of A.O. and appointed him A.O.’s permanent sole managing conservator, with Rosa as the possessory conservator.  The possession order was not the standard possession order contained in the family code, however; instead, the court ordered that Rosa “shall have possession of and access to [A.O.] as mutually agreed upon by both parties.  Therefore, barring permission from [Jose], Rosaeslla
(footnote: 8) shall have not [sic] possession of or access to [A.O.].” 

Rosa timely appealed the trial court’s order, specifically challenging in her notice of appeal the discrepancy between visitation rights ordered in the associate judge’s report and the visitation rights included in the final custody order.  She raises three issues in her appellate brief challenging the trial court’s custody order.  Jose did not file an appellee’s brief.

Rosa does not specifically complain of the legal or factual sufficiency of the evidence to support the trial court’s order, nor does she provide the applicable standards of review for challenging the sufficiency of the evidence in either of her first two issues.  
See 
Tex. R. App. P
. 38.1(h).  Nevertheless, upon liberally construing Rosa’s issues and the arguments briefed, we interpret these two issues to complain essentially that the trial court’s findings were not supported by the evidence, so we will address the factual sufficiency of the evidence.  
See 
Tex. R. App. P
. 38.9; 
see also Pool v. Ford Motor Co.
, 715 S.W.2d 629, 633 (Tex. 1986) (holding that an inappropriately phrased point should be construed as raising a challenge to the factual sufficiency of the evidence when the error is “readily apparent from the argument briefed”).  

The associate judge’s report reflects that the judge considered evidence from FCS at the hearing, but no reporter’s record of that hearing has been filed in this court.  Generally, if no reporter’s record is filed due to fault of the appellant, we may consider and decide only those issues that do not require a reporter’s record for a decision.  
See
 
Tex. R. App. P.
 37.3(c).  We cannot consider whether the evidence is factually sufficient without actually reviewing the evidence presented to the trial court, but we cannot review the evidence presented to the trial court in this case without a reporter’s record.  However, we hold that the lack of a reporter’s record does not require us to disregard Rosa’s factual sufficiency challenges because the lack of a reporter’s record is not her fault. 

Section 105.003(c) of the family code provides that for contested hearings in SAPCRs, “[a] record shall be made as in civil cases generally unless waived by the parties with the consent of the court.”  
Tex. Fam. Code Ann.
 § 105.003(c) (Vernon 2002).  Likewise, the rules of appellate procedure require that the official court reporter attend court sessions and make a full record of the proceedings unless excused by agreement of the parties.  
Tex. R. App. P.
 13.1(a).  The Texas Supreme Court has held that the trial court has an affirmative duty to insure that the court reporter makes a record of proceedings involving parent-child relationships, unless waived by the parties with the court’s consent, and failure to do so constitutes error on the face of the record requiring reversal.  
Stubbs v. Stubbs
, 685 S.W.2d 643, 645-46 (Tex. 1985) (interpreting predecessor to family code § 105.003).  When a party is not present or represented by counsel at the hearing, the making of a record cannot be waived as to the absent party, and a trial court commits error by consenting to the waiver of a record. 
See In re Vega
, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.); 
Ramirez v. Sanchez
, 871 S.W.2d 534, 535 (Tex. App.—San Antonio 1994, no writ).

Here, the trial court’s final order recites that “[t]he making of a record of testimony was waived by the parties with the consent of the Court.”  But because Rosa was not present at the hearing nor was she represented by counsel, she could not waive the making of a record; therefore, the trial court erred by consenting to the waiver of a record. 
See Vega
, 10 S.W.3d at 722; 
Ramirez
, 871 S.W.2d at 535-36.  This is reversible error because without a reporter’s record, we cannot determine whether the evidence supporting the trial court’s judgment was factually sufficient, so the trial court’s error prevented Rosa from properly presenting her case to the appellate court.  
See 
Tex. R. App. P.
 44.1(a)(2).  We sustain Rosa’s first two issues.
(footnote: 9)

On appeal, Rosa challenges only the custody provisions of the trial court’s order; she does not challenge the order’s adjudication of parentage.  Accordingly, we affirm that portion of the trial court’s judgment finding Jose to be the biological father of A.O.  We reverse that portion of the judgment regarding conservatorship, possession, and access and remand the cause for a new trial.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DELIVERED: August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Rosa, A.O.’s mother, lives in California. 

3:
The clerk’s record does not show whether this hearing was actually held.

4:
Family code sections 153.311 through .317 provide a standard possession order with specified terms detailing periods of possession of the child.  
Tex. Fam. Code Ann.
 §§ 153.311-.317 (Vernon 2002 & Supp. 2006).

5:
The meaning of “FCS” is not further explained in the record but probably refers to Family Court Service, a Tarrant County government office that conducts court-ordered social study investigations.  
See 
Family Court Service, http://www.tarrantcounty.com/eFamilyCourtSvc/site/default.asp
 (last visited August 29, 2007).

6:
The report states, “Ct. finds after report from FCS & caseworker that the following orders are in the best interest of the child . . . .”

7:
Rosa indicated on her docketing statement, and the associate judge’s court reporter confirmed with the clerk of this court, that no reporter’s record was made of this hearing.

8:
This final order is the only document in the clerk’s record referring to A.O.’s mother as “Rosaeslla Rojas.”  Elsewhere throughout the record, including in the original SAPCR petition, she is named “Rosa Rojas.”

9:
Having sustained Rosa’s first two issues, we need not reach her third issue complaining of the trial court’s denial of a motion to set aside default judgment.  
See
 
Tex. R. App. P.
 47.1.