**AFFIRMED; Opinion Filed May 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01574-CV

## IN THE INTEREST OF D.C. AND L.C., MINOR CHILDREN

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-10-00462-X**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Linda Janie Bordner, the aunt of the minor children D.C. and L.C., appeals from the trial court's final modification order in a suit affecting the parent-child relationship. In five issues, appellant argues the trial court abused its discretion by entering the order, failing to conduct a hearing on appellant's motion for new trial, failing to file findings of fact and conclusions of law, imposing a domicile restriction, and failing to have a record made of all the proceedings in this case. We affirm the trial court's judgment.

### BACKGROUND AND PROCEDURAL HISTORY

The Texas Department of Family Protective Services (TDFPS) filed an original petition for temporary managing conservatorship of D.C. (born November 29, 2007) and L.C. (born December 13, 2006), the minor children in this lawsuit, on May 6, 2010. On July 27, 2010, the trial court granted TDFPS temporary managing conservatorship of D.C. and L.C. Appellees Bryan Chupp and Jasmine Chupp, the parents of D.C. and L.C., were appointed temporary

possessory conservators. Appellant Linda Janie Bordner, the children's aunt, was appointed the temporary possessory conservator with actual possession of D.C. and L.C. The temporary order mandated that visitation for appellees should be supervised by appellant or her competent adult designee.

On March 31, 2011, a mediated settlement agreement was entered into by the parties and their attorneys. The agreement (filed-marked June 20, 2011) stated that appellant would replace TDFPS as managing conservator of the two children upon her completion of the "Fostering Connections Program." Further, appellees would be appointed joint possessory conservators of D.C. and L.C., with visitation as arranged and agreed upon by appellant. Failing an agreement, Jasmine Chupp's visitation would occur on the 1st and 3rd Sunday of each month from 2:00 p.m. to 5:00 p.m. and the 2nd and 4th Wednesday of each month from 6:00 p.m. to 8:00 p.m., at the home of appellant or another agreed upon location.

The trial court's December 19, 2011 final order found that appointing a parent as the managing conservator of the two children would not be in their best interest because it would "significantly impair the physical health or emotional development of the children." The order appointed the director of the Dallas County Child Protective Services unit of TDFPS as the permanent managing conservator of the two children. The order stated this was being done for the purpose of placing the children with appellant, who retained actual possession, and so she could participate in the "Fostering Connections Program." The order provided that managing conservatorship of the children would be transferred from TDFPS to appellant once she completed the program and the required classes, and if the placement was "positive for the children during the designated period."

Appellees were designated joint possessory conservators. Jasmine Chupp would have supervised visitation with the children as arranged with and agreed to by appellant. Absent an

agreement between appellant and Jasmine Chupp, she would have supervised visitation with the children on the 1st and 3rd Sunday of each month and the 2nd and 4th Wednesday of each month. Bryan Chupp's visitation was arranged according to a "stair-step" schedule. During the first three months following the signing of the order, he had the right to visitation on the 2nd and 4th Sundays of each month, and all such visitation was supervised at the discretion of TDFPS or appellant. If Bryan Chupp consistently exercised his visitation during the following three months, and he did not miss more than two consecutive visits, he would have the right to unsupervised visits on the 2nd and 4th Sundays of each month. If he consistently exercised his visitation during the three months after that, and did not miss more than two consecutive visits, he would have the right to unsupervised visitation with the children under a modified possession order with rights to possession of the children on the 2nd and 4th weekends of each month, from 6 p.m. on Friday to 6 p.m. on Sunday.

On February 16, 2012, TDFPS filed a motion to modify in a suit affecting the parent-child relationship, wherein it requested appellant be made permanent managing conservator of the children. TDFPS caseworker Christina Sarmiento testified at the July 24, 2012 hearing on the motion to modify that appellant had completed the Fostering Connections Program. She recommended permanent managing conservatorship of D.C. and L.C. be transferred from TDPFS to appellant, and that TDFPS be dismissed as party to the lawsuit. She also testified that it was in the best interest of the children for Jasmine Chupp to continue, pursuant to the final order, her supervised visitation schedule, and for Bryan Chupp to continue his unsupervised visitation under the modified standard possession order—with rights to possession of the children on the 2nd and 4th weekends of each month.

At that same hearing, appellant testified that Bryan Chupp had not progressed to the second step in the court's stair-step visitation because he was not consistently exercising his

visitation—missing some visits, often arriving late, and showing up for some visits with his wife, Jasmine Chupp. Appellant explained that Jasmine Chupp, who was incarcerated when the final order was signed, now lived with her husband at his parents' residence. She had "given up her visitation days" and preferred to visit the children with him. Asked whether she had concerns about Bryan Chupp having the children unsupervised, appellant said: "Well, if it was just the dad, maybe not as much concern. But since he lives with the mom who is the offending parent and they both live with his parents, who he stood in court many times and said, I don't want her around my children. Then I have great concerns." On cross-examination, appellant acknowledged that there was nothing in the final order precluding the mother and father from visiting the children together, and that Bryan Chupp had missed two visits.

On October 5, 2012, the trial court held a hearing where entry of a proposed order based on the July 24 hearing was discussed. Among other objections, appellant's counsel brought up issues of possession and support that were raised in July. The trial court stated: "I'm going to get an Order entered on this case. And then I'm going to address whether there is some other clarification needed or something. We are going to get an Order first." At another point during the hearing, appellant's counsel argued "the circumstances have changed," to which the trial court replied: "That's a different issue. I'm not going to hear that today. I want to deal with the Order that needs to be entered with respect to the hearing from July 2012." The trial court also voiced some concerns about appellant's testimony regarding the number of visits Bryan Chupp actually missed, recalling that, "She couldn't really specify that he had been out of compliance with the Order," and that, "She was waffling, she was kind of wanting to add some more things to it and say he hasn't complied with the order."

The trial court signed the "Final Order of Modification in Suit Affecting Parent-Child Relationship" on October 15, 2012. The order found that appointing a parent as the managing

conservator of the two children was not in the best interest of the children "because the appointment would significantly impair the physical health or emotional development of the children," and that "the circumstances of the subject children and of the prior managing conservator, TDFPS, have materially and substantially changed since entry of the[1] order to be modified, and that it would be in the best interest of the children to appoint Linda Janie Bordner as the children's Managing Conservator." The order also provided "that the best interest of the subject children will be served by continuing Jasmine Chupp and Bryan Chupp as Joint Possessory Conservators of the children." The order continued the visitation schedules set forth in the final order, with supervised visitation for Jasmine Chupp as arranged with and agreed to by appellant or, absent an agreement, on the first and third Sundays of each month and the second and fourth Wednesdays of each month. The order stated that, failing an agreement between Bryan Chupp and appellant, he had the right to unsupervised possession of the children on the second and fourth weekends of each month from 6:00 p.m. on Friday until 6:00 p.m. on Sunday. The order further provided that appellant was not obligated to allow Bryan Chupp possession of the children for any designated period if he failed to appear or contact appellant within thirty minutes of that designated time period.

On November 2, 2012, appellant filed a request for findings of fact and conclusions of law, which the trial court did not act on. On November 5, appellant filed the instant notice of appeal. Two days later, on November 7, she filed a motion for temporary orders pending appeal. On November 15, 2012, the trial court conducted a hearing on appellant's motion for temporary orders pending appeal. On December 5, the trial court signed "The Temporary Orders Pending Appeal." Among other things, the temporary orders modified Jasmine Chupp's child support and employer withholdings and, finding appellees "are married and are now living together,"

---

[1] The order in the electronic clerk's record contains a handwritten date inserted here. The date, however, is illegible.

clarified that appellee Bryan Chupp was to have no possession of and/or access to D.C. and L.C. in the presence of Jasmine Chupp.[2]

## DISCUSSION

### 1. The Modification Order

In her first issue, appellant contends the trial court abused its discretion by signing the October 15, 2012 modification order since it "is inappropriate and unworkable under the circumstances and not in the best interest of D.C. and L.C., the children the subject of this suit."

Because the trial court has broad discretion to decide the best interest of a child in family-law matters such as custody, visitation, and possession, we review the trial court's order modifying conservatorship under an abuse of discretion standard. *See Gillespie v. Gillespie*, 644 S.W.2d. 449, 451 (Tex. 1982). The trial court was in the best position to observe the demeanor and personalities of the parties and witnesses and to evaluate credibility, influences, and other forces that are not discernible from the record. *See In re T*, 715 S.W.2d 416, 418 (Tex. App.—Dallas 1986, no writ); *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). Further, the evidence is viewed in the light most favorable to the trial court's decision, and every legal presumption is indulged in favor of its judgment. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In family law cases, insufficiency of the evidence is not an independent ground for asserting error, but is a

---

[2] The trial court's temporary orders are not properly before this Court. *See* TEX. FAM. CODE ANN. § 109.001(c) ("A temporary order rendered under this section is not subject to interlocutory appeal."); *In re E.G.L.*, 378 S.W.3d 542, 549 (Tex. App.—Dallas 2012, pet. denied) (temporary child custody orders are not appealable); *Marcus v. Smith*, 313 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (stating that the court lacked jurisdiction over a direct appeal of award of appellate attorney's fees under section 109.001); *In re Merriam*, 228 S.W.3d 413, 415 (Tex. App.—Beaumont 2007, no pet.) ("The provision in section 109.001(c) prohibiting an interlocutory appeal has been construed to mean that an appellate court lacks jurisdiction, in the pending appeal, over a complaint about the denial of a temporary order rendered during the appeal."); *see also In re K.M.*, No. 02-04-044-CV, 2004 WL 2569384, at *8 (Tex. App.—Fort Worth Nov. 12, 2004, pet. denied) (mem. op.). Accordingly, to the extent appellant is challenging the temporary orders issued in this case, we do not consider those arguments. *See In re E.G.L.*, 378 S.W.3d at 549.

relevant factor in determining if the trial court abused its discretion. *See id.*; *In re C.A.M.*, 243 S.W.3d 211, 220–21 (Tex. App.—Houston [14th Dist.] 2007, pet denied). To determine whether the trial court abused its discretion we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its exercise of that discretion. *In re A.B.P.*, 291 S.W.3d at 95.

The best interest of the child is always the primary consideration in determining issues of conservatorship and possession of and access to a child. *See* TEX. FAM. CODE ANN. § 153.002. Under section 156.101 of the Texas Family Code, a trial court may modify conservatorship of a child if the modification is in the child's best interest and the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since the rendition of the existing order, or the signing of a mediated or collaborative settlement agreement on which the order is based. TEX. FAM. CODE ANN. § 156.101(1)(A), (B). To demonstrate that a material and substantial change of circumstances has occurred, the evidence must show what conditions existed at the time of the entry of the prior order as compared to the circumstances existing at the time of the hearing on the motion to modify. *See In re C.C.J.*, 244 S.W.3d 911, 919 (Tex. App.—Dallas 2008, no pet.). In other words, "the record must contain both historical and current evidence of the relevant circumstances," otherwise "the court has nothing to compare and cannot determine whether a change has occurred." *Zeifman v. Michels*, 212 S.W.3d 582, 594 n.2 (Tex. App.—Austin 2006, pet. denied).

In this case, appellant's argument is that the trial court's modification order is "inappropriate and unworkable" and not in the best interest of the two children because Jasmine Chupp was awarded only supervised visitation, and Bryan Chupp unsupervised visitation, yet both parents were living together at the time the trial court signed the modification order. The

trial court, however, was aware that the parents were living together because appellant so testified at the July 24, 2012 hearing. We remain mindful that the trial court was in the best position to observe the demeanor of the witnesses, evaluate their credibility, and determine what weight to give to their testimony. *See In re T*, 715 S.W.2d at 418. "The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *In re K.R.P.*, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Based on the record in this case, we conclude the evidence is sufficient to support the trial court's exercise of its discretion to modify conservatorship. Accordingly, we cannot say the trial court abused its discretion. We overrule appellant's first issue.

## 2. Appellant's Motion for New Trial

In her second issue, appellant argues the trial court abused its discretion by failing to conduct a hearing on her motion for new trial that was based, in part, on newly discovered evidence. Appellant's motion for new trial described the newly discovered evidence as follows: "Material evidence has been discovered showing that BRYAN CHUPP and JASMINE CHUPP are living together at the home of the paternal grandparents."

Whether to grant or deny a motion for new trial is generally a matter addressed to the broad discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of that discretion. *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied); *Ricks v. Ricks*, 169 S.W.3d 523, 526 (Tex. App.—Dallas 2005, no pet.). Under this standard, we may not overrule the trial court's decision unless the trial court acted in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Hinkle v. Hinkle*, 223 S.W.3d 773, 783 (Tex. App.—Dallas 2007, no pet.). There is generally no abuse of discretion when there is some evidence to support the trial court's decision. *Id*.

When a motion alleges facts that, if true, would entitle the movant to a new trial, and when a hearing is properly requested, the trial court is obligated to hear such evidence. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979); *Neyland v. Raymond*, 324 S.W.3d 646, 652–53 (Tex. App.—Fort Worth 2010, no pet.). To obtain a new trial based on newly discovered evidence, the movant must show (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that it did not come sooner; (3) that it is not cumulative; and (4) that it is so material that it would probably produce a different result if a new trial were granted. *In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.); *Strong*, 350 S.W.3d at 771. "The due diligence requirement has not been met if the same diligence used to obtain the evidence after trial would have had the same result if exercised before trial." *Neyland*, 324 S.W.3d at 652.

Appellant contends her motion for new trial was based on newly discovered evidence. In her supporting affidavit, she stated:

> After the hearing on July 24, 2012, I learned that Bryan Chupp and Jasmine Chupp were and are still living together with my sister and brother-in-law at 1101 Gannon Lane, DeSoto, Texas 75115. Subsequently, I recently learned that Bryan Chupp and Jasmine Chupp are planning to live together at 4727 Crownpoint Circle, Dallas, Texas 75232 as of December 1, 2012.

However, as we stated earlier, appellant testified at the July 24, 2012 hearing that appellees were living together at the residence of Bryan Chupp's parents, the children's paternal grandparents. Appellant's motion offered no explanation as to why the evidence cited in the affidavit was, in fact, newly discovered, nor how, given appellant's testimony, it came to light *after* the hearing. Appellant likewise failed to show it was not owing to want of due diligence that this evidence did not come her attention sooner. We conclude appellant failed to show that she was entitled to a new trial. Accordingly, the trial court was not required to hold a hearing on the motion and it

did not abuse its discretion by denying the motion without a hearing. We overrule appellant's second issue.

### 3. Findings of Fact and Conclusions of Law

In her third issue, appellant contends the trial court erred by not filing findings of fact and conclusions of law as required by section 153.258 of the family code. *See* TEX. FAM. CODE ANN. § 153.258. Under section 153.258:

> Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order.

*Id*.

In this case, appellant's November 2, 2012 request for findings of fact and conclusions of law was a request for findings and conclusions under rule 296 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 296 (request for findings of fact and conclusions of law "shall be filed within twenty days after judgment is signed"). More specifically, it did not request the trial court to set forth the reasons for varying from the standard possession order and cited rule 296, not section 153.258. *See* TEX. FAM. CODE ANN. § 153.258. Accordingly, appellant's request for findings under rule 296 did not preserve a complaint regarding findings under section 153.258, and the trial court was not required to enter findings under that section. *See Moore v. Moore*, 383 S.W.3d 190, 200 (Tex. App.—Dallas 2012, pet. denied) (appellant's request for findings under rule 296 did not preserve right to findings under section 6.711 of the family code); *Beach v. Beach*, 05–05–01316–CV, 2007 WL 1765250, *8 (Tex. App.—Dallas June 20, 2007, no pet.) (mem. op.) (appellant's request for findings under rule 296 did not preserve his right to findings under section 153.258 of the family code), *disapproved on other grounds*, *Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). We also note that even if we assume appellant made a proper request for

findings of fact under rule 296, her complaint on appeal is not preserved because she did not file notice of past-due findings. *See* TEX. R. CIV. P. 297; *Ex parte Jackson*, 132 S.W.3d 713, 717 (Tex. App.—Dallas 2004, no pet.); *Am. Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P*., 74 S.W.3d 527, 529 (Tex. App.—Dallas 2002, pet. denied).[3] We overrule appellant's third issue.

### 4. Residency Restriction

In her fourth issue, appellant argues the trial court abused its discretion by including the following residency restriction in the October 15, 2012 modification order: "The Court orders that, as long as the non-primary parent resides in Dallas County, the residence of the children are restricted to Dallas County and counties contiguous to Dallas County, until further order of the Court or by written agreement of the parties filed with the Court." Appellant maintains that this restriction was improper because no evidence or, alternatively, insufficient evidence, was submitted to support it. Appellant cites no authority and makes no other arguments to support her assertion.

The trial court appointed appellant the managing conservator of D.C. and L.C. Bryan and Jasmine Chupp were appointed joint possessory conservators. Unless limited by court order, a sole managing conservator has the exclusive right to designate the primary residence of a child. TEX. FAM. CODE ANN. § 153.132(1); *see In re M.M.M.*, 307 S.W.3d 846, 850 (Tex. App.—Fort Worth 2010, no pet.). Nonetheless, a trial court has the discretion to impose a geographic restriction on a party appointed sole managing conservator. *See In re S.M.D.*, 329 S.W.3d 8, 22 (Tex. App.—San Antonio 2010, pet. denied); *In re M.M.M.*, 307 S.W.3d at 850–53; *In re A.S.*, 298 S.W.3d 834, 836 (Tex. App.—Amarillo 2009, no pet.). "We perceive the purpose of imposing a geographic residency restriction is to ensure those who have rights to possession of

---

[3] Furthermore, appellant's November 26, 2012 "Request for Findings in Child Support Order" and "Request for Findings in Possession Order" both indicate they were based on the November 15, 2012 hearing on appellant's motion for temporary orders pending appeal. The temporary orders, as we stated earlier, are not properly before us. *See* TEX. FAM. CODE ANN. § 109.001(c); *In re E.G.L.*, 378 S.W.3d at 549.

the child are able to effectively exercise such rights." *In re S.M.D.*, 329 S.W.3d at 22; *see White v. Shannon*, No. 14–09–00826–CV, 2010 WL 4216539, at \*5 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (mem. op.) (citing *S.M.D.*, 329 S.W.3d at 22). "Also, it is the public policy of this state to assure that a child will have frequent and continuing contact with parents who have shown the ability to act in the child's best interest; to provide a safe, stable, and nonviolent environment for the child; and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage." *In re M.M.M.*, 307 S.W.3d at 850. "The best interest of the child is always the primary consideration in resolving issues of conservatorship, possession, and access concerning a child." *Id.*

Based on the above authorities, the trial court had the discretion to restrict D.C. and L.C.'s residence to "Dallas County and counties contiguous to Dallas County." *See, e.g., In re S.M.D.*, 329 S.W.3d at 22. By restricting the children's residence to Dallas County and counties contiguous to Dallas County, the trial court was ensuring the parents would be able to exercise their rights as joint possessory conservators. Appellant provides no authority and points to nothing in the record to support its assertion that the trial court abused its discretion by imposing the geographic residency restriction. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record); *Staton Holdings, Inc. v. Tatum L.L.C.*, 345 S.W.3d 729, 733 (Tex. App.—Dallas 2011, pet. denied); *see also Stucki v. Stucki*, 222 S.W.3d 116, 123–24 (Tex. App.—Tyler 2006, no pet.) (best interest of the child is primary concern in determining possession and access to child and the trial court's order establishing a geographic restriction will only be reversed if the court abuses its discretion). We overrule appellant's fourth issue.

### 5. The Record on Appeal

In her fifth issue, appellant contends the trial court abused its discretion by failing to have

a reporter's record made of "all of the hearings in this case." Appellant alleges that no reporter's record was made of the July 27, 2010 hearing regarding the temporary orders that established TDFPS's conservatorship, the June 20, 2011 hearing that preceded the trial court's December 2011 final order, a hearing that was allegedly held on October 15, 2012 (the day the court signed the modification order), and the November 15, 2012 hearing on appellant's motion for temporary orders pending appeal.

Appellant bases her argument on section 105.003 of the Texas Family Code, which requires that a record be made in all suits affecting the parent-child relationship "as in civil cases generally unless waived by the parties with the consent of the court." *See* TEX. FAM. CODE ANN. § 105.003(c); *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (interpreting former section 11.14(d) of the family code, the predecessor to section 105.003). The statute places an affirmative duty on the trial court to make a record of the proceedings, and failure to do so constitutes error on the face of the record requiring reversal. *Stubbs*, 685 S.W.2d at 646; *In re D.J.M.*, 114 S.W.3d 637, 639 (Tex. App.—Fort Worth 2003, pet. denied); *In re Vega*, 10 S.W.3d 720, 722 (Tex. App.—Amarillo 1999, no pet.) (citing *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex. 1978)). Making a record "means that all oral testimony must be recorded." *Stubbs*, 685 S.W.2d at 645; *but see Ramirez v. Sanchez*, 871 S.W.2d 534, 535 (Tex. App.—San Antonio 1994, no writ) (noting that the pleadings, motions, and orders in that case, which did not record oral testimony, were not records for purposes of 11.14(d), the predecessor to section 105.003(c)). A party may waive the making of a record by express written agreement or by failing to object to the lack of a record during the hearing. *In re D.J.M.*, 114 S.W.3d at 639.

The notice of appeal filed by appellant states that the judgment or order being appealed from is the trial court's October 15, 2012 modification order, which was signed following the hearing held on July 24, 2012. The reporter's record of the July 24 hearing is part of the record

–13–

of this appeal, as is the subsequent October 5, 2012 hearing where the trial court considered appellant's objections to the proposed order. As for the hearing held on October 15, 2012, and not recorded, the record shows that, at the conclusion of the October 5 hearing, appellant's trial counsel asked, "If there are further objections or issues," when they would be heard. The trial court replied, "Those are going to be heard on the 15th." But the trial court's docket notes do not contain any reference to a hearing held on October 15, 2012, and there is no indication in the record that a hearing was actually held on that date. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986) ("[d]ocket entries are some evidence of a rendered judgment and its contents"). Additionally, appellant does not show what oral testimony pertinent to this appeal was not recorded. *See Stubbs*, 685 S.W.2d at 645. Therefore, we overrule appellant's fifth issue.

The trial court's judgment is affirmed.


121574F.P05

/ Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF D.C. AND L.C., MINOR CHILDREN

No. 05-12-01574-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JD-10-00462-X.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees BRYAN CHUPP and JASMINE CHUPP recover their costs of this appeal from appellant LINDA JANIE BORDNER.

Judgment entered this 9th day of May, 2014.

/Lana Myers/
LANA MYERS
JUSTICE